[Civ. No. 60857. Second Dist., Div. Three. Mar. 31, 1981.]

ROBERT B. SEARLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
KENNETH HESTER, Real Party in Interest.

COUNSEL

Burt Pines, City Attorney, John T. Neville, Senior Assistant City Attorney, and Robert A. Seeman, Deputy City Attorney, for Petitioner.

No appearance for Respondent.

Robert S. Sachs for Real Party in Interest

OPINION

**KLEIN, P. J.**—Robert B. Searle (Searle) petitions this court for a writ of mandate and/or prohibition restraining the trial court from taking any further proceedings except to dismiss as against him the personal injury action filed by the real party in interest Kenneth Hester (Hester).

Los Angeles Police Department (LAPD) Sergeant Searle and his partner Officer Sims (Sims) arrested Hester on October 3, 1975, and an altercation ensued.[1] Thereafter, Hester filed the civil action involved herein on July 15, 1976, alleging assault, battery and false imprisonment by the City of Los Angeles (City), Sims and Does 1-15, and demanding punitive damages. Searle was not named as a party defendant.

---

[1]Hester was criminally prosecuted for violations of Business and Professions Code sections 25658, subdivision (b) and 25662 (*People v. Hester*, case No. 501042).

On February 29, 1980, six months past the three-year limitation period provided for in Code of Civil Procedure section 581a, subdivision (a),[2] Hester sought, and received on April 10, 1980, an order from the trial court permitting him to serve Searle. Hester represented to the trial court that the City had concealed Searle's identity during the three-year period.

Following this ruling by the trial court, Searle noticed a motion on September 10, 1980, to dismiss the action for lack of prosecution, which motion was heard and granted by a judge pro tem. without knowledge of the prior ruling. Thereafter, on motion for reconsideration on October 16, 1980, the latter ruling was vacated, since the former trial court ruling was deemed controlling.

An alternative writ was issued by this court on December 31, 1980, pursuant to a directive of the Supreme Court so requiring. Respondent trial court is unrepresented in this matter, but Hester has filed a written return opposing the issuance of a peremptory writ.

### CONTENTIONS

Searle maintains that the trial court acted in excess of its jurisdiction and abused its discretion in failing to comply with the mandatory provisions of section 581a requiring dismissal of the action against him.

Hester argues alternatively that because the City concealed Searle's identity, Searle was estopped from seeking a dismissal, or that it was impossible, impracticable or futile for him to comply with the statutory period.

### DISCUSSION

Searle has no plain, speedy or adequate remedy at law since the trial court order denying his motion to dismiss is not appealable. ■ If the

---

[2]Code of Civil Procedure section 581a, subdivision (a) sets forth: "(a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

All statutory references hereinafter are to the Code of Civil Procedure, unless otherwise indicated.

trial court is without jurisdiction to proceed in this action where the summons admittedly has not been served and return thereon made within three years after commencement of the action, and the trial court nonetheless attempts to proceed further, a writ of prohibition is the proper remedy. (*Lopa* v. *Superior Court* (1975) 46 Cal.App.3d 382, 385-386 [120 Cal.Rptr. 445]; *Cook* v. *Justice's Court* (1936) 16 Cal. App.2d 745, 748 [61 P.2d 357].)

Absent an exception to the three-year rule, dismissal of the action has been held to be mandatory. (*Slaybaugh* v. *Superior Court* (1977) 70 Cal.App.3d 216, 221 [138 Cal.Rptr. 628].)

■ Hester has attempted to bring himself within an exception by asserting that the City concealed Searle's identity and that therefore the doctrine of estoppel with regard to the applicability of section 581a is available to him, citing *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431 [96 Cal.Rptr. 571, 487 P.2d 1211]. The Supreme Court in *Tresway, supra*, at pages 437-438, stated that "[t]his doctrine affirms that 'a person may not lull another into a false sense of security by conduct causing the latter to forbear to do something which he otherwise would have done and then take advantage of the inaction caused *by his own conduct*.[3]'" (Italics added.)

Hester further relies on the exception spelled out in *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740 [329 P.2d 489], to the effect that ". . . no dismissal can be granted where the failure to serve the defendant occurs '. . . while he has secreted himself . . . to prevent the service of summons on him.'"

We would observe that *Wyoming Pacific Oil Co.* v. *Preston, supra*, at page 741, further states that "[e]ach case must be decided on its own particular facts, and no fixed rule can be prescribed to guide the court in its exercise of this discretionary power under all circumstances." Therein lies the problem in the instant case. The record before us is woefully inadequate for this court to rule on the merits as to whether a writ of prohibition should issue.

In this matter, Hester readily admits that there is no record of what occurred in the trial court, but nevertheless urges that "the Trial Court

---

[3]Hester is not claiming that Searle personally in any way attempted to conceal his identity or his person to avoid service.

apparently had enough information and evidence before it, both documentary and *oral*" (original italics) to enable it to render its decision.

Hester asserts that the trial court took judicial notice that there were two "Officer Searle's, [*sic*]" who were brothers working at the same police station at the time of the altercation and thereafter, and then alleges "[t]here was some confusion as to who [*sic*] to serve, and took into consideration the probability of a Defendant being appraised [*sic*] of the fact that a Complaint actually existed," obtusely attributing such reasoning to the trial court.

On the other hand, Searle hotly disputes both points, contending that the trial court took no such judicial notice and that no mention was made concerning a brother of Searle. Searle further contradicts Hester's claim that the trial court *found* that Hester had used reasonable diligence in attempting to serve Searle, while admitting the trial court's ruling suggests an implicit finding to that effect, all the while maintaining that such a finding would be unsupported by the evidence.

Searle has brought to our attention that the arrest report which was available to Hester in connection with his criminal trial clearly sets forth on its face his name and serial number as a reporting officer as follows: Searle, R.B., serial No. 14859. Additionally, he points out that within the three-year period at a deposition of Sims, counsel for Hester was provided with a copy of the arrest report as per his request. During the deposition, Sims indicated to counsel that Robert Searle was with him at the time of the arrest, and Hester's counsel thereafter referred to Searle by name numerous times in the questioning process.

While both sides have cited to the recent Supreme Court case of *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829], neither suggests its language as controlling the instant case. However, it seems to us that *Hocharian* bears directly on the fact situation before us—or rather the lack of facts—and dictates our conclusion.

*Hocharian* sets forth what criteria govern the operation of the alleged mandatory dismissal provision here under consideration in view of the implied exceptions as recognized in *Wyoming Pacific Oil Co.* v. *Preston, supra*, 50 Cal.2d 736. The high court felt that "it now appears necessary to articulate some general guidelines for the exercise of [the trial court's] discretion which are consistent with the underlying statu-

tory intent" when a trial court is considering one of the at least three "implied exceptions" of impossibility, impracticability, and futility, as recognized by the courts in *Tresway Aero, Inc.* v. *Superior Court, supra*, 5 Cal.3d 431, and *Wyoming Pacific Oil Co.* v. *Preston, supra*, 50 Cal.2d 736. (*Hocharian* v. *Superior Court, supra*, 28 Cal.3d, at p. 721.)

In articulating guidelines, *Hocharian* emphasizes that the critical issue is whether the plaintiff used reasonable diligence in the prosecution of his case, and that the "primary concern must be the nature of the plaintiff's conduct." (*Hocharian, supra*, at p. 722, fn. omitted.) The court stated that the statute operates as a rebuttable presumption, and the plaintiff has the burden of proving that he comes within an implied exception to section 581a and that the delay was not due to his own unreasonable conduct. (*Ibid.*)

*Hocharian* appears by such language to require that in circumstances such as those before us, the trial court should hold a hearing on a section 581a motion and make a *"factual finding* as to the nature of the plaintiff's conduct" on the issue of reasonable diligence, thereby creating a reviewable record of the trial court's exercise of discretion. (*Hocharian, supra*, at p. 723, italics added.)

*Hocharian* correctly observes that the trial courts are equipped to engage in the "balancing process" and should do so, balancing the harm to a plaintiff if the motion to dismiss is granted against the prejudice to a defendant if he is forced to defend the suit. (*Hocharian, supra*, at pp. 722, fn. 6, 724-725.)

Despite the best efforts of counsel to concoct a trial court record herein, we find that this record is inadequate to enable us to determine whether the trial court committed an abuse of discretion in its ruling.

We cannot ascertain therefrom whether Hester's conduct was reasonably diligent. Therefore, we remand this matter to the trial court to take action consistent with this ruling.

Cobey, J., and Potter, J., concurred.