[Civ. No. 20851. Third Dist. Mar. 12, 1982.]

TANDY CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
WILLIAM LEKOFF et al., Real Parties in Interest.

COUNSEL

Toy & Coleman, John R. Toy and Robert J. Drabant for Petitioner.

No appearance for Respondent.

Crow, Lytle, Gilwee, Donoghue, Adler & Weninger and Gerald Adler for Real Parties in Interest.

OPINION

WARREN, J.*—Petitioner, a defendant in a wrongful death action, seeks a writ of mandate and/or prohibition to compel the grant of its motions to quash service and dismiss it from the action on the ground that service and return of summons had not occurred within three years of the commencement of the action as required by Code of Civil Procedure section 581a, subdivision (a).

On June 29, 1981, respondent trial court denied petitioner's motions and ruled that in accord with *Hocharian* v. *Superior Court* (1981) 28

---

*Assigned by the Chairperson of the Judicial Council.

Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829], real parties in interest had complied with Code of Civil Procedure section 581a, subdivision (a), in that they "used reasonable diligence in prosecuting their case." Our Supreme Court granted petitioner's petition for hearing on August 13, 1981, and transferred the matter to this court for further proceedings (see below).

Petitioner contends that (1) it was an abuse of discretion for the trial court to find that real parties in interest used reasonable diligence; (2) there was no factual basis for the trial court's further finding that no prejudice to petitioner was caused by the delay of the real parties in interest; and (3) respondent trial court exceeded its jurisdiction when it denied petitioner's motions on June 29, 1981. We grant the petition for writ of mandate, concluding that real parties in interest did not use reasonable diligence in attempting to serve and return summons.

### FACTS

On January 14, 1977, decedent Gerry Lekoff was killed when the CB antenna he was installing came into contact with high voltage electrical lines. Real parties in interest commenced suit on November 4, 1977, against petitioner, as the alleged manufacturer and seller of the antenna, and the Sacramento Municipal Utility District (SMUD), the alleged owner of the electrical lines.[1]

Counsel for real parties did not proceed to effect service upon petitioner. Instead, from January 1977, when he was retained in a companion case, until September 1980, real parties' counsel followed the course of federal regulatory activity pertaining to CB antenna safety. Just two weeks after the death of decedent, the Consumer Products Safety Commission voted to require certain warning labels, and began a feasibility study for a safety standard to reduce or eliminate electrocution hazards. Although a warning standard was proposed in November 1977 and adopted in 1978, work continued on the safety standard during 1979 and into 1980. Finally, in the summer of 1980, the commission determined that insulation of CB antennas was an effective method of preventing electrical shock.

---

[1]There is no indication in the record whether SMUD was ever served and, if so, the status of that part of the lawsuit.

Real parties' counsel thereupon determined, according to his declaration, that the suit had a reasonable probability of success. He amended the complaint on September 17, 1980,[2] and took steps to obtain service of process on petitioner. On that same day, counsel's secretary mailed copies of the summons and amended complaint, together with necessary fees and instructions, to the civil division of the Los Angeles County Sheriff's Department for personal service upon petitioner's agent for service of process, C.T. Corporation. On October 1, 1980, counsel's secretary sent copies of the summons and amended complaint to petitioner's agent for service of process, C.T. Corporation, by certified mail, return receipt requested. The return receipt was returned with an October 6 postmark.

Counsel, believing the signed postal return receipt to be sufficient proof of service, prepared a return of service and filed it on October 24, 1980. Counsel thereafter received a letter from the sheriff's department dated October 24, 1980, requesting additional instructions and fees in connection with the request for personal service and returning the summons and first amended complaint. Counsel took no action on the sheriff's letter, and made no further effort to obtain service on petitioner until February 1981.

The trial court ruled on February 11, 1981, that real parties' service by mail was valid. Realizing that petitioner would challenge that decision in an appellate court, counsel proceeded to obtain personal service through a private process service. Service was thus obtained on February 19, 1981, and return was made on February 26.

Petitioner filed a petition for a writ of prohibition and/or writ of mandate with this court on February 23, 1981. On March 23, this court found that the attempted service by mail was invalid under Code of Civil Procedure section 415.30, because the acknowledgment of receipt of summons was not executed and returned by the agent, and under Code of Civil Procedure section 415.40 inasmuch as no person outside this state was involved. We issued a peremptory writ of mandate direct-

---

[2] A comparison of the original and amended complaints reveals no significant change in the cause of action against petitioner; design defect is alleged in both complaints. The only change appears to be that the original complaint alleges the named defendant Radio Shack to be a division of Tandy Corporation, sued as Doe one, whereas the amended complaint names Tandy Corporation as a defendant, doing business as Radio Shack.

ing the trial court to vacate its order denying petitioner's motions to quash service and dismiss, and to grant said motions, unless after conducting an evidentiary hearing upon motion brought within 30 days after finality of the writ the trial court concluded that real parties' failure to serve and return summons within the statutory period was excused under *Hocharian v. Superior Court, supra,* 28 Cal.3d 714. (*Tandy Corp.* v. *Superior Court* (1981) 117 Cal.App.3d 911, 913-914 [173 Cal.Rptr. 81].)

On March 24, 1981, the day after this court's decision, petitioner filed a motion to dismiss the complaint and to quash the personal service obtained on February 19, on the ground that the return thereof was filed more than three years after the commencement of the action in violation of Code of Civil Procedure section 581a, subdivision (a). Petitioner's motions were heard and taken under submission on April 8, 1981. Real parties petitioned the Supreme Court on May 1, 1981, for a hearing on the issue of validity of the mail service; that petition was denied on May 21. On May 26, this court notified the trial court and respective counsel that its March 23 decision had become final and directed the trial court to comply with its terms.

Respondent trial court denied petitioner's motions on June 29, 1981. In its order, the court made the following findings: (1) real parties used reasonable diligence in prosecuting their case; (2) petitioner suffered no prejudice by real parties' delay; and (3) the harm to real parties if the motions were granted would be greater than the prejudice to petitioner being forced to defend the suit.

Petitioner filed a petition for a writ of prohibition and/or writ of mandate in this court on July 8, 1981. On July 16, this court denied the petition. Petitioner filed a petition for hearing in the Supreme Court on July 23. On August 13, 1981, the Supreme Court granted the petition and transferred the matter to this court with directions to issue an alternative writ of mandate and/or prohibition. On August 17, this court issued the alternative writ pursuant to the directions of the Supreme Court. The alternative writ was returned and filed on August 28.

DISCUSSION

██ Petitioner's principal contention is that it was an abuse of discretion for the trial court to find that real parties used reasonable

diligence in prosecuting their case.[3] We agree. Code of Civil Procedure section 581a, subdivision (a), requires that an action be dismissed unless summons on the complaint be served and return thereof made within three years after an action is commenced.[4]

Although the language of section 581a is mandatory, the California Supreme Court interpreted the statute in *Hocharian v. Superior Court, supra,* 28 Cal.3d 714, to include an implicit exception—namely where violation of the statute is not the result of the plaintiff's unreasonable conduct. (*Id.,* at p. 722.) The court held (at p. 722) that the statute operates as a rebuttable presumption: "Thus in effect, the statute operates as a rebuttable presumption: if plaintiff fails to serve and return summons on a defendant within three years of the commencement of the action, plaintiff may be presumed to have failed to use reasonable diligence. This presumption may be overcome by plaintiff, who bears the burden of proving that he falls within an implied exception to section 581a.[7]" The court's footnote 7 (p. 723) provides in part: "[O]nce a defendant shows a greater-than-three-year delay in the service and return of summons, the burden is on the *plaintiff* to show that the delay was not due to his own unreasonable conduct, and the trial court must so find or order dismissal of the action . . . ." (Italics in original.)

If the plaintiff meets his burden of proving reasonable diligence, the trial court then has discretion to consider any prejudice to the defen-

[3]Petitioner also contends, as we have noted, that the trial court lacked jurisdiction to render its decision on June 29, 1981. Petitioner filed its motions to quash service and dismiss the complaint on March 24, 1981, just one day after this court's ruling in *Tandy Corp. v. Superior Court, supra,* 117 Cal.App.3d 911. We ordered the trial court to hold an evidentiary hearing upon motion brought within 30 days after finality of the peremptory writ of mandate. (*Id.,* at p. 914.) The writ became final on May 26, 1981 (Cal. Rules of Court, rules 24, 28).

Petitioner now argues that since its motion was filed prior to finality of this court's decision, rather than within 30 days thereafter, the trial court failed to comply with this court's order and acted in excess of its jurisdiction when it denied said motions on June 29, 1981. The claim is patently frivolous. Petitioner cannot now complain because it brought its motion to dismiss prematurely; the defect, if any, is not jurisdictional.

[4]Section 581a, subdivision (a), provides: "No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

All further references are to the Code of Civil Procedure unless otherwise indicated.

dant resulting from the delay. The court's decision under such circumstances must be based on a balancing of the harm to the plaintiff if the action is dismissed against the prejudice to the defendant if he is forced to defend the suit. (*Id.*, at p. 724.)

Finally, in applying these tests to any given factual situation the court noted that "the critical question is whether a plaintiff used reasonable diligence in prosecuting his or her case. The particular factual context or cause of the noncompliance should not be determinative; rather, the primary concern must be the nature of the plaintiff's conduct." (Fns. omitted; 28 Cal.3d, *supra*, at p. 722.)

*Hocharian* requires that the trial court hold a hearing in a section 581a case and make a factual finding regarding the nature of the plaintiff's conduct on the issue of reasonable diligence. (*Id.*, at p. 723.) This will create a reviewable record of the trial court's exercise of discretion. (*Searle* v. *Superior Court* (1981) 117 Cal.App.3d 539, 545 [172 Cal. Rptr. 841].)

Here, the trial court conducted a hearing and found, inter alia, as noted above, that the real parties in interest used reasonable diligence in prosecuting their case. The finding was based upon affidavits submitted by counsel for real parties and counsel's secretary, and the pleadings filed in the case.

■ It is axiomatic that a reviewing court will not disturb the exercise of a trial court's discretion unless it appears that there has been prejudicial error and a miscarriage of justice. The burden is on the party complaining to establish an abuse of discretion. If there is any basis upon which its action may be sustained, a trial court's refusal to dismiss should be upheld. (*Hocharian* v. *Superior Court, supra*, 28 Cal.3d at pp. 724-725; *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564, 566 [86 Cal.Rptr. 65, 468 P.2d 193].)

■ Here, the facts are not in dispute. If there is any substantial evidence to support the denial of the motion to dismiss the trial court's ruling must be affirmed.[5] We examine real parties' affidavits, accept

---

[5]Petitioner concedes that the personal service obtained on February 19, 1981, was valid. The sole basis of petitioner's further motion to quash was real parties' asserted violation of section 581a. The express remedy for such violation, however, is a motion to dismiss, and, therefore, petitioner's motion to quash was properly denied.

their contents as true, and ask if they are sufficient as a matter of law to support the decision. Upon examination, we conclude that they are not, and that the decision must be reversed.

Counsel for real parties' affidavit states that he first became involved in the case in September 1977, two months before the action was filed on November 4, 1977, but acknowledges that he did not begin to attempt service of process upon petitioner until September 1980. He explains the reason for the delay as being that he did not determine until September 1980, based upon his review of federal regulatory activity, that the suit had a "reasonable probability of success."

He explains that the determination of the Consumer Products Safety Commission in the summer of 1980 that insulation of CB antennas was a viable method of preventing electrical shock enhanced the possibility of predictable success in the litigation. Further, he argued that if he had proceeded to trial prior to completion of the government studies, the difficulties of obtaining evidence and proof would have been substantial.

The showing made by real parties in interest does not constitute reasonable diligence. The real parties in interest concede an intentional failure to attempt service upon petitioner for over two years and ten months after commencement of the action. During that period counsel concedes full awareness of the alleged design defect cause of action against petitioner, knowledge of the petitioner's identity, and knowledge of the whereabouts of petitioner's agent for service of process. In essence his contention is merely that he felt that he lacked sufficient evidence to prove the cause of action until shortly before the three-year period was to run.

Counsel's showing may explain or excuse a failure to bring the matter to trial in a timely fashion; it does not excuse a failure to effect service and return thereof within three years.

In *Hocharian*, the Supreme Court noted that the general purpose of statutes such as sections 581a and 583 (imposing a five-year period within which an action must be brought to trial) is to compel reasonable diligence in the prosecution of an action once commenced. (28 Cal.3d at pp. 719-721.) *But the specific purpose of section 581a is to compel a plaintiff to use reasonable diligence in attempting to serve and return summons.* Thus, the court stated in *Hocharian*: "The statute

[§ 581a] can be termed 'mandatory' in the sense that a trial court must dismiss if the plaintiff fails to prove reasonable diligence *in attempting to serve and return summons.*" (Italics added; 28 Cal.3d at p. 721, fn. 3; see also *House* v. *State of California* (1981) 119 Cal.App.3d 861, 874 [174 Cal.Rptr. 279].)

Real parties in interest next contend that their efforts between September 17, 1980, when they first attempted service upon petitioner, and the expiration of the three-year period on November 4, 1980, constitute reasonable diligence. But, intentional delay in attempting service of summons on a known defendant for over two years and ten months is unreasonable conduct. (*Hocharian, supra,* at pp. 722-723.) If the real parties, as a result of such conduct are unable to effect proper service within the remaining time permitted, the action must be dismissed. Furthermore, as we have already noted, during that period counsel first initiated and then abandoned an effort at personal service upon petitioner's agent in reliance solely upon the validity of the purported service by mail. That purported mail service was invalid. (*Tandy Corp.* v. *Superior Court, supra,* 117 Cal.App.3d at p. 913.)

A cursory glance at the relevant statutes, sections 415.30 and 415.40, makes clear that real parties' reliance thereon lacked any reasonable basis. Section 415.30 explicitly requires an executed acknowledgment of receipt of summons and provides a suggested form. (§ 415.30, subds. (b) and (c).) No acknowledgment of receipt of summons was ever executed and returned in this case.

Section 415.40 applies only to service upon persons outside this state. The amended complaint specifically alleges that petitioner is duly organized as a corporate entity in California, and the summons was mailed to the agent's address in California.

Counsel's reliance on the purported service by mail was, therefore, also unreasonable conduct and cannot support the trial court's finding of reasonable diligence.

As we have concluded that the trial court abused its discretion in finding that real parties exercised reasonable diligence, it is unnecessary to discuss the issue of prejudice. (*Hocharian* v. *Superior Court, supra,* 28 Cal.3d at p. 724.)

Let a peremptory writ of mandate issue directing the respondent court to vacate its order denying petitioner's motion to dismiss and to enter an order dismissing the action against petitioner.

Evans, Acting P. J., and Reynoso, J.,* concurred.

A petition for a rehearing was denied April 6, 1982, and the petition of real parties in interest for a hearing by the Supreme Court was denied May 26, 1982. Reynoso, J., did not participate therein.

---

*Assigned by the Chairperson of the Judicial Council.