[No. B009448. Second Dist., Div. Three. Jan. 28, 1986.]

MICHAEL W. HARDING, Plaintiff and Appellant, v.
ALFRED COLLAZO et al., Defendants and Respondents.

COUNSEL

William N. Roberson for Plaintiff and Appellant.

Kern & Wooley and Ralph S. LaMontagne, Jr., for Defendants and Respondents.

## Opinion

**DANIELSON, J.**—Plaintiff and appellant Michael W. Harding (plaintiff) appeals from an order and judgment dismissing with prejudice his first amended complaint against defendants and respondents Rick Kiss (Kiss), Lawrence Martines (Martines) and Alfred Collazo (Collazo), Hughes Helicopters, Inc. (Hughes) and Edward Zenter (Zenter) (collectively, defendants), and entering a judgment in favor of all the aforementioned defendants on plaintiff's first amended complaint. The court based its dismissal on plaintiff's failure to file a second amended complaint within the time specified in his stipulation with defendants. (Code Civ. Proc., § 581, subd. 3.)[1&2]

### Factual and Procedural Background

On July 7, 1983, plaintiff filed a complaint in propria persona against Collazo, Martines, Zenter, and Kiss. Plaintiff purported to allege causes of action for malicious prosecution, negligence, wrongful termination, defamation, invasion of privacy and civil rights, and infliction of emotional distress, and that these causes of action had arisen from his past employment at Hughes as a security officer from February 1981 to his discharge in February 1982.

Defendant Kiss then filed a motion to strike portions of, and a demurrer to, plaintiff's complaint on the grounds that the complaint failed to state facts sufficient to constitute a cause of action and that it was uncertain. On April 13, 1984, the court sustained the demurrer on the moving grounds and allowed plaintiff 30 days to amend. The motion to strike was placed off calendar.

On May 10, 1984, plaintiff, in propria persona, filed an amended complaint which alleged causes of action for wrongful discharge, defamation, invasion of privacy, intentional infliction of emotional duress [*sic*] and malicious prosecution. It also named two additional defendants, Brian Decker[3] and Hughes.

---

[1]All sectional references are to the Code of Civil Procedure unless otherwise specified.

[2]Section 581, subdivision 3, was redesignated section 581, subdivision (c) in 1984, without substantive change.

[3]The record does not reflect that Decker ever appeared in the action below and he is not a party to this appeal.

On June 4, 1985, Kiss demurred to the amended complaint on the grounds that it failed to state facts sufficient to constitute a cause of action and was uncertain and ambiguous, and also moved to strike portions of the amended complaint. Defendants Martines and Collazo joined in Kiss's demurrer and motion on June 18, 1984.

Pursuant to an oral stipulation between the parties, made June 27, 1984, defendants took the scheduled July 20, 1984 hearings on the demurrer and motion to strike off calendar at plaintiff's request and plaintiff agreed that he would file a second amended complaint on or before August 20, 1984.

On July 13, 1984, plaintiff served his first amended complaint on Zenter and served a summons on Hughes. By letter dated July 24, 1984, counsel for the defendants confirmed to plaintiff their telephone agreement that neither Zenter nor Hughes need respond to the first amended complaint and that plaintiff agreed to provide a second amended complaint by August 20, 1984.

In their demurrer and their motions to dismiss defendants alleged that the two defendants newly named in the amended complaint had not been named in the summons issued by the court but their names had been later typed on to the summons many months after its issuance.

Plaintiff filed no second amended complaint and on September 4, 1984, defendants sent plaintiff a letter extending his time to serve and file a second amended complaint until noon on September 10, 1984. Plaintiff failed to file a second amended complaint and on September 18, 1984, defendants Kiss, Martines and Collazo filed a motion to dismiss plaintiff's first amended complaint pursuant to section 581, subdivision 3 and for an order entering judgment in their favor, and noticed the motion for hearing on October 26, 1984. Hughes and Zenter joined in that motion.

On October 19, 1984, plaintiff filed a substitution of attorney naming William N. Roberson as his attorney, and also filed a proposed second amended complaint. On October 22, 1984, plaintiff filed an opposition to the motion to dismiss arguing that it should be denied because there had been only slight delay and no apparent prejudice to the defendants, and that he had diligently sought legal help from June 27, until October 12, 1984, when he finally was able to secure counsel.

The court granted the defendants' motion to dismiss, with prejudice, on October 26, 1984, and, on November 8, 1984, made its "order and dismissal" granting the motions to dismiss and ordering entry of judgment for

the moving defendants and against plaintiff. Plaintiff appealed from that order.

## CONTENTION

Plaintiff's basic contention can be summarized as being that the court erred in granting defendants' motions to dismiss, with prejudice, pursuant to section 581, subdivision 3, due to plaintiff's failure to serve and file a second amended complaint within the time allowed by stipulation of the parties and as extended by defendants.

In support of his contention plaintiff argues that: 1) the court erred in dismissing the first amended complaint because plaintiff's delay was not unreasonable and there was no showing of prejudice to defendants because of the delay; 2) his propria persona status excuses his failure to file a second amended complaint within the time set by stipulation of the parties and as extended by the defendants; 3) the dismissal should have been without prejudice and with leave to amend; and 4) the court's abuse of discretion in granting the motion to dismiss was compounded by its failure to state the ground for its ruling.

## DISCUSSION

### 1. *The Trial Court Did Not Abuse Its Discretion and Did Not Err in Dismissing With Prejudice Plaintiff's First Amended Complaint*

Plaintiff filed an amended complaint after the court had sustained, with leave to amend, a demurrer to his complaint. Defendants Kiss, Martines, and Collazo filed demurrers to the amended complaint, and motions to strike on June 4, 1984, and noticed them for hearing on July 20, 1984. An oral stipulation was entered into between the parties on June 27, 1984, pursuant to which defendants took off calendar the scheduled hearing on the demurrers and motions to strike, in exchange for plaintiff's agreement to file a second amended complaint on or before August 20, 1984. That oral stipulation was memorialized by letter dated June 27, 1984, from defendants' counsel to plaintiff, and by a telephone conversation of July 23 and a second such letter dated July 24, 1984.

When no second amended complaint had been served by September 4, 1984, defendants' counsel sent plaintiff a third letter reminding him that the agreed date of August 20, 1984, had passed and no second amended complaint had been served and informing him that he was extending plaintiff's time to file that complaint until noon on September 10, 1984. No second amended complaint having been served, on September 18, 1984, defendants

filed their motions to dismiss and scheduled them to be heard on October 26, 1984.

On October 19, 1984, plaintiff filed a substitution of attorney, and a proposed second amended complaint, and, on October 22, 1984, an opposition to the motions to dismiss. The motions were heard, all parties being present, on October 26, 1984 and the court granted the motions to dismiss, with prejudice. Plaintiff had delayed in filing his second amended complaint for 60 days after the stipulated date of August 20, including the 21-day extension which defendants had unilaterally given him in their letter of September 4, 1984.

The stipulation of the parties was oral; it had not been filed with the clerk nor had it been entered upon the minutes of the court.

We are aware that stipulations by counsel are binding upon the parties if they are filed with the clerk of the court or entered upon the minutes of the court, but not otherwise. (§ 283.) However, the courts have not given this general rule a strict application in all cases. (*Waybright* v. *Anderson* (1927) 200 Cal. 374, 379 [253 P. 148].)

█ As stated by Justice Harrison, in discussing section 283, "[t]he section does not require a construction that in no instance shall an agreement which the attorney may make in behalf of his client be binding, unless entered in the minutes of the court or filed with the clerk. Its provisions have reference to executory agreements, and not to those which have been wholly or in part executed . . . . If under the terms of a mutual stipulation, which was only verbal, one party has received the advantage for which he entered into it, or the other party has at his instance given up some right or lost some advantage, so that it would be inequitable for him to insist that the stipulation was invalid, he will not be permitted to repudiate the obligation of his own agreement, upon the ground that it had not been entered in the minutes of the court. [Citations.] If the party admits that he made such verbal stipulation, it will be as binding upon him as if it had been entered in the minutes of the court." (*Smith* v. *Whittier* (1892) 95 Cal. 279, 288 [30 P. 529]. To the same effect, see *Webster* v. *Webster* (1932) 216 Cal. 485, 490-491 [14 P.2d 522]; *Fidelity & Casualty Co.* v. *Abraham* (1945) 70 Cal.App.2d 776, 783 [161 P.2d 689].)

█ Plaintiff has admitted to the oral stipulation of June 27, 1984, as stated above, both in his opposition to the motions to dismiss, in his declaration in support of that opposition, and in his brief on appeal. Plaintiff has also received benefits and defendants have given up rights and advantages in reliance on the stipulation. Thus plaintiff is bound by it.

Defendants based their motions to dismiss on section 581 which provides in part: "An action may be dismissed in the following cases: [¶] . . . [¶] (c) By the court, . . . when, after a demurrer to the complaint has been sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court, . . . or a motion to strike the whole of a complaint or portion thereof is granted with leave to amend and the plaintiff fails to amend within the time allowed by the court, and either party moves for such dismissal."

In the case at bench there was no hearing, and no ruling by the court sustaining or granting the defendants' demurrers and motions to strike, because the defendants had taken those proceedings off calendar pursuant to plaintiff's request and plaintiff's agreement to file a second amended complaint on or before August 20, 1984.

■ This presents the question, whether an executed stipulation between the parties that the hearing on a demurrer and a motion to strike will be taken off calendar in exchange for plaintiff's agreement to file an amended complaint by a day certain is the effective equivalent of, and tantamount to, a stipulation that the demurrer is deemed to be sustained with leave to amend within the time specified and allowed by the stipulation and thus subject to a motion to dismiss under the terms of section 581, subdivision (c). We hold that it is.

We have found no decision directly in point, but *Wilson* v. *City of Los Angeles* (1958) 156 Cal.App.2d 776 [320 P.2d 93] provides a close analogy.

In *Wilson,* a plaintiff, in propria persona, filed a complaint against the City of Los Angeles, which interposed a general and special demurrer, which was sustained by stipulation with leave to amend in 20 days. No amended complaint was filed and about seven years later defendant city moved to dismiss the action on two grounds: 1) that the action had not been brought to trial within five years (§ 583),[4] and 2) that the plaintiff failed to amend his complaint within the time allowed by the court. (§ 581, subd. 3.) The trial court granted the motion dismissing the action under section 581, subdivision 3.

The reviewing court affirmed the judgment of dismissal stating that although the authorities it had reviewed in its reasoning dealt with appeals following the sustaining of demurrers without leave to amend "we believe that the same principle applies to the instant case wherein the demurrer was

---

[4]The motion to dismiss for failure to bring the action to trial within five years was denied for reasons which are not relevant to this discussion and this decision. (*Id.,* at p. 779.)

sustained with leave to amend by consent and no amendment having been made, the action was dismissed for failure to amend." (*Wilson* v. *City of Los Angeles, supra,* 156 Cal.App.2d 778.)

The stipulation between the parties in the case at bench did not specify that defendants' demurrers to the amended complaint were sustained. However, it did provide, at plaintiff's request, that the demurrer would be taken off calendar by defendants and that plaintiff would file an amended complaint by August 20, 1984 (later unilaterally extended to September 10 by defendants). There is no meaningful difference between the procedural situation presented by the stipulation in the case at bench and that presented by the stipulation in *Wilson,* and we hold that defendants' motion to dismiss, under the circumstances of this case, is governed by the terms of section 581, subdivision (c).

 The authority of the trial court to dismiss an action under the provisions of section 581, subdivision (c), rests in the sound discretion of the trial court. A reviewing court will not disturb the exercise of a trial court's discretion unless it appears that there has been prejudicial error. The burden is on the party complaining to establish an abuse of discretion. (*Tandy Corp.* v. *Superior Court* (1982) 129 Cal.App.3d 734, 741 [181 Cal.Rptr. 319].) In the case at bench we have found no abuse of discretion by the trial court and plaintiff has established none.

### 2. *A Litigant Who Appears in Propria Persona Is Bound by the Same Rules and Entitled to the Same Consideration as Any Other Litigant or Attorney*

 In plaintiff's opposition to defendants' motion to dismiss he argued that "[i]t is both proper and desirable for a court to overlook irregularities by a personally appearing litigant", citing *Pete* v. *Henderson* (1954) 124 Cal.App.2d 487 [269 P.2d 78, 45 A.L.R.2d 58]. He again cited that case and made substantially the same argument in his brief on appeal. The decision in *Pete* does not support plaintiff's contention.

*Pete* was an action brought by a plaintiff, in propria persona, against the estate of a deceased attorney, for damages alleged to have been caused by negligence of the attorney in failing to file a notice of appeal in an action in which a money judgment was rendered against plaintiff, which judgment plaintiff was forced to pay without having it reviewed on appeal. At the close of plaintiff's case defendant moved for a nonsuit, conceding liability for the fee paid to the deceased attorney to prosecute the appeal, but contending that no other item of damage had been proved. The trial court agreed, ruling that not only was there failure of proof of additional damage, the amount of the prior judgment, but that, as a matter of law, no proof

could be offered on the issue of whether the earlier judgment might have been reversed on appeal, that such proof was inadmissible because the underlying action was final and could be upset only by appeal, and that as a superior court judge he was without power to consider what might have happened on that appeal if it had been properly perfected. The trial court granted judgment for only the amount of the attorney's fee which had been paid. In an opinion by Justice Peters the reviewing court stated that the rulings of the trial court were clearly erroneous, requiring reversal, because plaintiff's action was not a collateral attack on the judgment, which was final, but to recover damages from his attorney for his negligence. The opinion states that one of the chief objects served by a motion for nonsuit is to point out defects in plaintiff's proofs so that he can supply, if possible, the deficiencies; and to that end the trial court may permit the plaintiff to amend his complaint, reopen the case, and make the required proof and, in a proper case, it is an abuse of discretion to refuse to do so. In *Pete* the trial court unequivocally told the plaintiff that any offer of proof as to the first proceeding would be denied. That ruling was not based on the exercise of the trial court's discretion, but on the trial court's holding that such proof was inadmissible as a matter of law.

That ruling was erroneous, and the trial court had failed to exercise its discretion in making its ruling. Commenting on the fact that the plaintiff was litigating in propria persona the reviewing court said: "[w]hile the fact that a layman litigant elects to represent himself does not relieve him of the duty of observing legal rules, and certainly does not excuse him from a failure of proof, that fact should be considered in determining whether, in a situation where the trial court has discretion to act to relieve the lay litigant from his default, that discretion should be exercised." (*Pete* v. *Henderson, supra,* 124 Cal.App.2d 487, 491.)

The decision in *Pete* turned upon the failure of the trial court to exercise its discretion. In the case at bench the trial court did exercise its discretion in making the order of dismissal and judgment appealed from. *Pete* does not support plaintiff's position in this case.

It is the duty of a trial judge to see that a cause is not defeated by the mere inadvertence of a lay litigant, but such litigant is restricted to the same rules of procedure as is required of those qualified to practice before our courts. (*Lombardi* v. *Citizens Nat. Trust Etc. Bank* (1955) 137 Cal.App.2d 206, 208-209 [289 P.2d 823].) "'A litigant has a right to act as his own attorney [citation] "but, in so doing, should be restricted to the same rules of evidence and procedure as is required of those qualified to practice law before our courts; otherwise, ignorance is unjustly rewarded." [Citations.] . . .'" (*Doran* v. *Dreyer* (1956) 143 Cal.App.2d 289, 290 [299 P.2d 661].)

Plaintiff's argument that, as a litigant who appeared in propria persona he was somehow entitled to a more indulgent application of the rules than other litigants or attorneys is without merit. His propria persona status afforded him no special treatment. "When a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys [citations]." (*Nelson* v. *Gaunt* (1981) 125 Cal.App.3d 623, 638 [178 Cal.Rptr. 167]; *Foster* v. *Civil Service Com.* (1983) 142 Cal.App.3d 444, 449 [190 Cal.Rptr. 893].)

### 3. *The Court's Order Was to Dismiss Plaintiff's Amended Complaint, Not to Sustain a Demurrer to That Complaint*

██ Plaintiff's next argument, that the court's order of ". . . dismissal should have been *without* prejudice, *with* leave to amend, *because* Respondents' demurrer was sustained" (italics in original) is also without merit.

It appears that plaintiff views the trial court's order of dismissal and for entry of judgment as an order sustaining a demurrer without leave to amend. The court's order was not to sustain a demurrer, it was to dismiss plaintiff's complaint, and was based upon defendants' motion to dismiss. Notice of the ruling was served on plaintiff as was notice of entry of judgment and a copy of the judgment itself.

At the time the court made its order, following a hearing at which all parties were represented, the court had before it plaintiff's opposition to defendants' motion to dismiss. There can be no doubt that all of the parties, as well as the court, were aware that the hearing was for the purpose of passing on defendants' motion to dismiss.

### 4. *A Trial Court Is Not Required to State the Grounds for Its Ruling in Its Order Granting a Motion to Dismiss*

██ Plaintiff next argues that the "Superior Court's dismissal of the action with prejudice was an abuse of discretion. *Hirsa* v. *Superior Court*, 118 C.A.3d 486 (1981). [¶] Superior Court's abuse of discretion was compounded by its failure to state the ground of its ruling. When a demurrer is sustained, the court must state its specific reasons for sustaining the demurrer (C.C.P. Sec. 472d), so that a repleading plaintiff is afforded guidance (*Wheeler* v. *County of San Bernardino*, 76 C.A.3d 841, [846] at n.3 [1978])."

This argument, also, is without merit. Section 472d applies to orders sustaining demurrers. The order appealed from in the case at bench is an order granting motions to dismiss, under section 581, subdivision (c). Sec-

tion 472d does not apply. *Hirsa* v. *Superior Court* (1981) 118 Cal.App.3d 486 [173 Cal.Rptr. 418], cited by plaintiff, is not apposite. In *Hirsa* the reviewing court issued a writ of mandate directing the superior court to permit plaintiff to amend his complaint to include an additional cause of action against a previously named defendant, based on the same general set of facts.

*Wheeler* v. *County of San Bernardino* (1978) 76 Cal.App.3d 841, 846 [143 Cal.Rptr. 295], also cited by plaintiff is also inapposite. In *Wheeler* the trial court failed to state the grounds on which it based its order sustaining a *demurrer* (our italics). The reviewing court held that this was a technical violation of section 472d but was considered harmless error absent a demonstration of prejudice to the plaintiff. (*Id.*, at p. 846, fn. 3.)

■ In any event, an appellate court does not ordinarily consider procedural defects or erroneous rulings where an objection could have been but was not presented to the lower court. ■ "[O]n appeal, all intendments weigh in favor of the regularity of the trial court proceedings." (*Banerian* v. *O'Malley* (1974) 42 Cal.App.3d 604, 610 [116 Cal.Rptr. 919].)

■ We note that the only demurrer sustained in the case at bench was the demurrer to the original complaint, which was sustained on April 13, 1984, with leave to amend. Plaintiff has not appealed, and could not have appealed, from that order. That matter is not before us in this appeal.

#### DECISION

The order and judgment appealed from are affirmed.

Arabian, J., concurred.

**LUI, Acting P. J.**—I dissent.

This appeal presents the question of whether the court had the authority to dismiss the action under former section 581, subdivision 3, of the Code of Civil Procedure.

If the verbal agreement had been incorporated into a written document filed with the court and entered into the minutes of the court's records, then the trial court would have had jurisdiction to dismiss the action under former section 581, subdivision 3, and the decision in *Wilson* v. *City of Los Angeles* (1958) 156 Cal.App.2d 776 [320 P.2d 93]. In view of the lack of any court order effectuating the stipulation and making it binding on the parties, and in the absence of any prejudice to defendants so as to justify the enforcement

of such verbal agreement under the doctrine set forth in *Smith* v. *Whittier* (1892) 95 Cal. 279 [30 P. 529], the trial court lacked authority to dismiss the case under *Smith* v. *Whittier* or any of the other cases relied upon by the majority.

Plaintiff in propria persona filed an amended complaint after a demurrer was sustained with leave to amend against his original complaint. Defendants again demurred, but took the demurrer off calendar when the parties reached an out-of-court verbal agreement that plaintiff would seek legal counsel and amend the complaint a second time by a certain date, which was later courteously extended to September 10, 1984, by defendants. Defendants memorialized their version of the verbal agreement in several letters to plaintiff; however, defendants' self-serving letters were not the stipulation. Defendants admitted at oral argument that the verbal agreement went no further than to specify the date by which plaintiff was to amend and *not* the consequences if he failed to do so.

When plaintiff failed to file his proposed amended complaint on the date agreed, defendants moved to dismiss citing the trial court to former section 581, subdivision 3, of the Code of Civil Procedure.[1]

Plaintiff filed his proposed second amended complaint for the trial court's consideration. "[Section] 473 authorizes the trial court, in its 'discretion,' to allow amendments 'in furtherance of justice.' The policy of great liberality in permitting amendments at any stage of the proceeding was declared at an early date and has been repeatedly restated. [Citations.]" (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 1121, p. 537.) Plaintiff's proposed second amended complaint was filed on October 19, 1984, 39 days later than the last date extended by defendants.

Defendants urge that the order of dismissal is proper under former section 581, subdivision 3, and the decision in *Wilson* v. *City of Los Angeles, supra,* 156 Cal.App.2d 776. Section 581, subdivision 3, however, provides no support for the trial court's entertainment or ruling on the motion to dismiss. There was never an agreement that the demurrer was sustained "without leave to amend" as defendants admitted at oral argument, nor was there any action by the trial court's specifying that plaintiff "amend [the com-

---

[1]Hereinafter, all statutory references shall be to the Code of Civil Procedure unless otherwise indicated.

Former section 581 reads in pertinent part as follows: "An action may be dismissed in the following cases: . . . [¶] 3. By the Court, when either party fails to appear on the trial and the other party appears and asks for the dismissal, or when a demurrer is sustained without leave to amend, or when, after a demurrer to the complaint has been sustained with leave to amend, the *plaintiff fails to amend it within the time allowed by the court,* and either party moves for such dismissal." (Italics added.)

plaint] within the time *allowed by the court.*" (Italics added; see former § 581, subd. 3, *ante,* fn. 1.) A plain and simple reading of the statute indicates that there is no basis for the court's action dismissing the plaintiff's complaint.

Similarly, *Wilson* is of no assistance to defendants' position. In *Wilson,* the trial court actually entered an order which incorporated the parties' agreement that the demurrer be sustained with leave to amend the complaint within 20 days. *Seven years later,* plaintiff sought to amend the complaint and the trial court's order of dismissal was affirmed by the *Wilson* court. *Wilson* is clearly distinguishable from the present case both on the length of the delay and the critical factor of the presence of a trial court order implementing the parties' agreement, both as to the sustaining of the demurrer and the time for the filing of the amended complaint.

Because there was no court approval of the verbal agreement and because it was never entered into the minutes of the court or reduced to writing and filed with the clerk of the court, the verbal agreement was "not therefore legally binding upon the trial court." (*Blackwood* v. *Cutting Packing Co.* (1886) 71 Cal. 461, 465 [12 P. 493]; § 283, subd. 1.)[2]

Finally, there is absolutely no showing of prejudice to the defendants as a result of plaintiff's 39-day delay in filing his proposed amended complaint, other than the fact that they gave up their right to have the trial court rule on their demurrer to the first amended complaint on July 20, 1984.

Plaintiff candidly admits in his opposing papers to the motion to dismiss and in his briefs on appeal that he entered into the verbal agreement to file an amended complaint by the dates indicated.[3] He offers a reasonable explanation that the delay was caused by his inability to find adequate legal counsel and then that his legal counsel was delayed further by caseload problems.

In *Smith* v. *Whittier, supra,* 95 Cal. 279, 288, the court states: "If under the terms of a mutual stipulation, which was only verbal, *one party has received the advantage for which he entered into it, or the other party has*

---

[2]Section 283 provides in pertinent part as follows: "An attorney and counselor shall have authority: [¶] 1 To bind his client in any of the steps of an action or proceeding by his agreement *filed with the Clerk, or entered upon the minutes of the Court, and not otherwise;* . . ." (Italics added.)

[3]I cannot accept the reasoning of the majority transposing plaintiff's admission (contained in his opposition papers to the motion to dismiss) into the court's records on the very eve of the dismissal of his case. Section 283 must be construed to reflect that such stipulations be inserted into the court's records at the earliest possible date after they are made and not later when a party seeks to enforce it, especially when there is no showing of prejudice.

*at his instance given up some right or lost some advantage,* so that it would be inequitable for him to insist that the stipulation was invalid, he will not be permitted to repudiate the obligation of his own agreement, upon the ground that it had not been entered in the minutes of the court. [Citations.]"[4] (Italics added.)

The only advantage plaintiff gained was a delay in the trial court's ruling on the demurrer and an agreement to file an amended complaint by a certain date. It is obvious that the verbal agreement between the parties envisioned that the demurrer would have been sustained with leave to amend. Therefore, the advantage plaintiff gained by the delay was the lack of formal court action sustaining the demurrer. The appropriate action by the trial court in this case, in my judgment, would have been to sustain the demurrer on the first amended complaint and to assess monetary sanctions against plaintiff, as appropriate, occasioned by the delay. The sanction of dismissal is simply out of proportion to any harm caused by the 39-day delay, because defendants have shown absolutely no prejudice, in their moving papers before the trial court and their briefs on appeal, other than the loss of time. The 39-

---

[4]The majority also relies on certain other appellate decisions (see majority opn., *ante,* p. 1052); such reliance is not well-founded. In *Waybright* v. *Anderson* (1927) 200 Cal. 374 [253 P. 148], the Supreme Court was faced with an appeal from an order granting a motion to set aside default judgments of dismissal. There was some question as to whether counsel had entered into a verbal agreement regarding the amendment of complaints after the demurrers had been sustained with leave to amend by a date certain. Defendants had secured the default judgments when the complaints had not been amended by such date. In setting aside the default judgments, the trial court concluded that counsel had entered into a stipulation leaving open the time for filing and serving the amended complaints. The Supreme Court refused to reach a contrary conclusion. It is clear that the decision in *Waybright* was addressed toward resolving the appeal to allow a trial on the merits and n·· ι dismissal on a technicality. That is the context in which the court stated at page 379: ' We are familiar with the general rule that a stipulation of counsel cannot be enforced unless put in writing, or entered in the minutes of the court (sec. 283, Code Civ. Proc.), but the courts have been indisposed to give this otherwise general rule application to *default judgments.* [Citations.]" (Italics added.) The majority's reliance on *Waybright* is misplaced because it deals with a motion to set aside a default judgment where the courts allow a great deal of liberality to ensure a trial on the merits. The *Waybright* court was thus attempting to construe the stipulation to allow a trial on the merits and not a dismissal (the result achieved by the majority in this case).

Further, while *Webster* v. *Webster* (1932) 216 Cal. 485 [14 P.2d 522] relies on *Smith* v. *Whittier, supra,* 95 Cal. 279, the stipulation in *Webster* was made in open court and contained in the reporter's notes. (See 216 Cal. at p. 489.)

Finally, the majority's reliance on *Fidelity & Casualty Co.* v. *Abraham* (1945) 70 Cal.App.2d 776 [161 P.2d 689], is equally misplaced. *Fidelity Casualty* does not deal with a stipulation concerning the amendment of a pleading by date certain but rather deals with an agreement entered into by counsel with the apparent consent of his client which was proven by uncontradictory evidence at trial. The Court of Appeal held that the estoppel doctrine applied to prevent plaintiff from repudiating the agreement and held that it would be inequitable to reach such a result. *Fidelity Casualty* is distinguishable because plaintiff does not necessarily seek to repudiate the verbal agreement made concerning the amendment of the complaint and because there is no showing of prejudice or inequity by virtue of plaintiff's failure to file the proposed second amended complaint by the date indicated.

day delay here seems rather minuscule when compared to the normal time span involved in pretrial pleading matters in cases tried in the Los Angeles Superior Court.

It has always been the policy of the courts in California to resolve a dispute on the merits of the case rather than allowing a dismissal on technicality. As stated in *Gould* v. *Stafford* (1894) 101 Cal. 32, 34 [35 P. 429]: "The rule is that courts will be liberal in allowing an amendment to a pleading when it does not seriously impair the rights of the opposite party . . . ." The trial court's order granting the motion to dismiss under former section 581, subdivision 3, was in excess of its jurisdiction and resulted in the unjust dismissal of plaintiff's action at a very early stage in the proceedings.

For these reasons, I would reverse the order entered below.

A petition for a rehearing was denied February 26, 1986, and appellant's petition for review by the Supreme Court was denied April 23, 1986. Broussard, J., was of the opinion that the petition should be granted.