Filed 4/15/13  Sandoval v. Chase Fufillment Center CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JUAN R. SANDOVAL et al., | F064156 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 11CECG02161) |
| CHASE FULFILLMENT CENTER, N.A., et al., | **OPINION** |
| Defendants and Respondents. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Juan Sandoval and Gudelia Sandoval, in pro. per., for Plaintiffs and Appellants.

AlvaradoSmith, John M. Sorich, S. Christopher Yoo and Jacob M. Clark for Defendant and Respondent JPMorgan Chase Bank.

Law Offices of Glenn H. Wechsler, Glenn H. Wechsler and Natalie Sperry Mandelin for Defendant and Respondent First American Trustee Servicing Solutions.

---

[*]    Before Wiseman, Acting P.J., Levy, J. and Kane, J.

-ooOoo-

Appellants, Juan Sandoval and Gudelia Sandoval, filed a complaint against respondents, JPMorgan Chase Bank, N.A. (JPMorgan Chase) and First American Trustee Servicing Solutions, LLC (First American), seeking damages for fraud and negligent misrepresentation in connection with their application for a modification of their home loan. According to appellants, although they provided JPMorgan Chase with all of the requested documents and paid an additional $2,000 per month toward their mortgage for seven months, JPMorgan Chase nevertheless refused to modify the loan and initiated nonjudicial foreclosure proceedings against them.

Respondents demurred to the complaint. The trial court sustained the demurrers on the ground that appellants failed to state facts sufficient to constitute a cause of action. Regarding the cause of action for negligent misrepresentation, the court determined that appellants had not alleged that the statements were made with intent to induce reliance or that they actually relied on those statements. The court further determined that appellants had not alleged any of the elements of a cause of action for fraud. The court granted appellants 10 days leave to amend the complaint with the time to run from service of the minute order.

Appellants did not file an amended complaint. Thereafter, on respondents' applications for dismissal, the trial court dismissed the complaint and entered judgments in respondents' favor.

Appellants have appealed from the judgment entered in favor of JPMorgan Chase. According to appellants, they were confused by the ruling on the demurrers and were not aware that they had to file an amended complaint. Further, appellants contend that the trial court delivered its decision on the application for dismissal before appellants were permitted to comment. Appellants acknowledge that they erred but argue that it "was not intentional due to lack of knowledge in the court proceedings" and ask this court "to consider granting the appeal to resolve [JPMorgan] Chase's inhumane intentional fraud

2.

and deception." Although no appeal was taken from the judgment entered in favor of First American, First American has nevertheless filed a responding brief "in an abundance of caution."

Appellants have not met their burden to show reversible error. Accordingly, the judgment will be affirmed.

## DISCUSSION

Because appellants failed to file an amended complaint following the sustaining of the demurrer, the trial court dismissed the action pursuant to Code of Civil Procedure section 581, subdivision (f)(2). The authority to dismiss this action rested in the trial court's sound discretion. (*Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1054.) Accordingly, this court will not disturb the trial court's ruling unless appellants establish that the trial court abused its discretion. (*Ibid.*)

Appellants appear to argue that the trial court abused its discretion in dismissing their complaint because Juan Sandoval was not able to comment on JPMorgan Chase's ex parte application before the trial court made its ruling. However, contrary to appellants' position, the trial court permitted Sandoval to state his appearance and make his argument before making a final ruling. Sandoval objected to the application to dismiss his case on the ground that at the status conference, when the case was set for trial, there was no indication that the case would be dismissed. After JPMorgan Chase's counsel responded, the trial court told Sandoval that it would "look over the matter once again, having heard what you had to offer today, and you'll receive the decision of the Court in the mail."

Appellants also argue that the judgment of dismissal should be reversed because their failure to amend the complaint was not intentional and was due to their confusion and lack of knowledge of court proceedings. However, while a party may choose to act as his or her own attorney, such a party is to be treated like any other party. He or she is entitled to the same, but no greater consideration than other litigants and attorneys.

3.

(*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) Accordingly, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney. (*County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1444.) Therefore, appellants' lack of knowledge does not excuse their failure to timely amend their complaint.

In sum, appellants have not met their burden of establishing that the trial court abused its discretion when it dismissed their complaint.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondents.