Filed 4/16/26  Wantuch v. Walmart CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| STEPHANIE E. WANTUCH, | B343735 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20STCV2799) |
| v. | |
| WALMART, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven Ellis, Judge.  Affirmed.

Stephanie E. Wantuch, in pro. per., for Plaintiff and Appellant.

Pettit Kohn Ingrassia Lutz & Dolin, Michael F. Colbert, and Annie F. Fraser for Defendant and Respondent.

————————————

Plaintiff Stephanie Wantuch appeals from the entry of judgment for defendant Walmart, Inc. (Walmart), urging that the trial court erred by granting Walmart's motions to deem matters admitted and for summary judgment.  Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Wantuch filed the present action for negligence against Walmart in July 2020.  The operative complaint alleged that Wantuch sustained injuries when she slipped and fell while shopping in a Walmart store in September 2018.  Wantuch's attorney filed a motion to be relieved as counsel, and the trial court granted the request in December 2022.  Thereafter, Wantuch represented herself in propria persona.

Walmart served Wantuch with requests for admission (RFA's) in March 2023.  Wantuch did not file responses, and more than a year later, in May 2024, the trial court granted Walmart's motion to deem Wantuch to have admitted the truth of the matters specified in the RFA's.  The following matters were deemed admitted, among others:

"86.   Admit that YOU did not sustain any damages from the INCIDENT.

"87.   Admit that Walmart did not owe YOU a duty of care at the time of the INCIDENT.

"88.   Admit that Walmart did not breach any duty of care to YOU at the time of the INCIDENT."

In July 2024, Walmart filed a motion for summary judgment based on Wantuch's admissions.  Wantuch did not oppose the motion.  The trial court granted Walmart's motion for summary judgment, finding as follows:

2

" '[A] deemed admitted order establishes, by judicial fiat, that a nonresponding party has responded to the requests by admitting the truth of all matters contained therein." (*Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 979.) If a party does not move the trial court to allow for withdrawal or amendment of an admission, the admission is conclusively established against that party in the action. (*See Joyce v. Ford Motor Co.* (2011) 198 Cal.App.4th 1478, 1489.)

"With this evidence, Defendant has met its burden on summary judgment of presenting evidence to show 'that one or more elements of the cause of action . . . cannot be established.' (Code Civ. Proc., § 437c, subd. (p)(2).)

"The burden then shifts to Plaintiff to show that a 'triable issue of one or more material facts exists as to the cause of action.' (*Ibid.*) Plaintiff has not filed any opposition to the motion or otherwise met her burden.

"Accordingly, Defendant's motion is granted. Defendant has shown that one or more elements of Plaintiff's cause of action cannot be established and that it is entitled to judgment as a matter of law."

The trial court entered judgment in November 2024, from which Wantuch timely appealed.

## DISCUSSION

Wantuch contends the trial court erred by granting Walmart's motions to deem matters admitted and for summary judgment. Neither claim has merit.

Wantuch urges that she did not respond to Walmart's RFA's because her attorney's withdrawal "[left] her unrepresented during critical discovery phases," and that her failure to serve responses thus constituted excusable neglect. We

3

note that Wantuch's attorney withdrew in December 2022, and Wantuch had more than adequate time to retain new counsel before the trial court granted Walmart's motion to deem matters admitted 18 months later, in May 2024.  In any event, although we sympathize with the difficulties of navigating the legal system without representation, Wantuch's self-represented status did not exempt her from the rules governing discovery.  To the contrary, a self-represented litigant " 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247; see also *Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1056 [same].)  Wantuch's failure to respond to Walmart's RFA's based on her self-represented status, thus, does not constitute excusable neglect.

Wantuch also contends that the trial court erred by granting Walmart's motion for summary judgment because she was entitled to relief from the deemed admissions under Code of Civil Procedure sections 2033.300 and 473, subdivision (b).[1] Section 2033.300, subdivision (b) allows a court to permit withdrawal or amendment of an admission "if it determines that the admission was the result of mistake, inadvertence, or excusable neglect, and that the party who obtained the admission will not be substantially prejudiced in maintaining that party's action or defense on the merits."  Section 473, subdivision (b) likewise provides that a court may, "relieve a party or the party's legal representative from a judgment, dismissal, order, or other proceeding taken against the party through the party's mistake,

---

[1]     All subsequent statutory references are to the Code of Civil Procedure.

inadvertence, surprise, or excusable neglect." But in the trial court, Wantuch did not seek to withdraw or amend her admissions, nor did she seek relief from entry of judgment under section 473, subdivision (b). She may not seek such relief for the first time on appeal. (See *R.S. Creative, Inc. v. Creative Cotton, Ltd.* (1999) 75 Cal.App.4th 486, 497 [party may not seek section 473 relief for the first time on appeal]; *In re Marriage of Brockman* (1987) 194 Cal.App.3d 1035, 1045, fn. 3 [same].)

For the foregoing reasons, the trial court did not err by granting Walmart's motions to deem matters admitted or for summary judgment. We therefore affirm the judgment.

**DISPOSITION**

The judgment is affirmed.  Walmart is awarded its appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

HANASONO, J.