Filed 4/27/21  Lindow v. Lindow CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ROBERT LINDOW,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CARL E. LINDOW,<br><br>    Defendant and Respondent. | H048336<br>(Santa Cruz County<br>Super. Ct. No. 17CV02111) |

Appellant Robert Lindow seeks review of an order sustaining a demurrer to the complaint he filed against his brother, Carl E. Lindow, and dismissing the action.[1] Robert forfeited his arguments by 1) failing to cite to the record on appeal in compliance with California Rules of Court, rule 8.204(a); and, 2) failing to show that he raised his arguments in the trial court.  We affirm the dismissal.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Defects in Robert's Opening Brief

This dispute arises over a piece of real property located in Aptos, California.  In August 2020, the trial court sustained Carl's demurrer to Robert's first amended complaint without leave to amend and dismissed the case, finding that the case was moot based on the nonpublished opinion issued by this court in *In re Estate of Lindow* (Mar. 4,

---

[1] As the parties share the same surname, we will refer to them by their first names. The conservator of Carl's estate, Darren Wallace, appears in this appeal for Carl.

2020, No. H045566) (*Estate of Lindow*).[2]  On appeal, Robert contends the trial court erred in finding that the case was moot, arguing that the trial court could have granted him relief.  California Rules of Court, rule 8.204(a)(1)(C),[3] requires that each brief filed in an appeal must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."  The appellant's opening brief must include "a summary of the significant facts limited to matters in the record."  (Rule 8.204(a)(2)(C).)  We do not consider Robert's statement of facts in this second opinion related to the Aptos property because he provides inadequate references to the record.

In Robert's opening brief, he purports to summarize the extensive factual history underlying not only this case, but also an unlawful detainer action filed related to the subject property, as well as the probate action that resulted in this court's opinion in *Estate of Lindow*.  The clerk's transcript Robert designated as the record in this appeal is 1,168 pages long; it includes the trial court's certified settled statement summarizing the proceedings that took place at the hearing on Carl's demurrer to the first amended complaint.  In the statement of facts in his opening brief, Robert cites to just two pages of the clerk's transcript:  the first page of the installment land contract at issue in the underlying action, and the first page of a grant deed between Carl's conservator, Darren Wallace, and Sharada Sheppard, the purchaser of the subject property.  Robert also cites to documents submitted with a request to augment the record, filed simultaneously with the opening brief.  This court denied his request to augment the record without prejudice to Robert making a further showing that the documents attached to the motion were before the trial court; Robert did not file an additional motion to augment.  In the portion of the brief addressing his arguments on appeal, Robert cites to the first pages of the

---

[2] The trial court took judicial notice of the opinion; it is part of the record on appeal.  Robert was a party to the appeal.  (*Estate of Lindow*, *supra*, at p. 1.)

[3] Undesignated references to rules of court are to the California Rules of Court.

installment land contract and the grant deed, as well as to four additional pages of the clerk's transcript including the third page of Carl's memorandum of points and authorities in support of the demurrer, in which he argued Robert's claims were moot; the first three pages of Robert's "counter reply and supplement opposition" to Carl's demurrer; and, the first page of the trial court's order certifying that the amended proposed settled statement submitted by Robert in September 2020 is an accurate summary of the testimony and evidence relevant to his reasons for the appeal.

Robert's opening brief does not comply with the requirements of rule 8.204(a) regarding the proper citation to the record on appeal. As this court informed Robert in *Estate of Lindow*, " 'It is not the duty of a reviewing court to search the record for evidence on a point raised by a party whose brief makes no reference to the pages where the evidence can be found.' (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1011.)" (*Estate of Lindow*, *supra*, at pp. 2-3.) Although Robert represents himself on appeal, he is still held to the same standards as an attorney, including standards regarding the rules of procedure, something this court also indicated to Robert in our previous opinion. (*Id.* at p. 11, fn. 9, citing *Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1056.)[4] As we did in *Estate of Lindow*, we therefore disregard the statement of facts in Robert's brief. (*Estate of Lindow*, at p. 3.)

### B. Factual and Procedural Background

In reviewing a judgment of dismissal following an order sustaining a demurrer without leave to amend, "we accept the truth of material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law. We may also consider matters

---

[4] We stated in the prior opinion, "[E]ven if self-represented litigants were accorded extraordinary forbearance on appeal, we note that appellant was an attorney for years before his license to practice law in Michigan was revoked for misconduct. His unabashed failure to undertake a reasoned analysis with apposite authority and evidentiary support therefore warrants no special lenience or indulgence from this court." (*Estate of Lindow*, *supra*, at p. 11, fn. 9.)

subject to judicial notice." (*State Dept. of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 346 (*State Hospitals*).) As we disregard Robert's statement of facts, we primarily draw the factual background of this matter from the first amended complaint, and the matters over which the trial court took judicial notice, including our opinion in *Estate of Lindow*.

In the action underlying this appeal (the underlying action), Robert filed a first amended complaint (FAC) against Carl for specific performance, declaratory relief, and injunctive relief, alleging that he and Carl entered into a written installment land contract for Robert and his wife to purchase the Aptos property from Carl. Carl was the record title owner of the property. Robert took possession of the home based on the contract. Robert claimed Carl knew of the contract, and did not raise any objection or take action to rescind, modify, or correct the contract. Carl purchased the property for over $1 million in December 2008; the contract, entered in December 2011, purported to sell the property to Robert for the balance owed on the mortgage ($626,204.59) plus "one dollar and other valuable consideration," including certain options in Robert's limited liability company and the understanding that Robert would "remember" Carl's daughters in his will. Carl agreed to pay Robert one dollar per month until he was able to obtain financing.

In 2017, the Superior Court of Santa Clara County appointed Wallace as Carl's conservator. Wallace "refused to acknowledge and honor the installment land contract"; Wallace commenced an unlawful detainer action against Robert (the UD action), alleging Robert was a tenant on the property. In the UD action, the court found Robert failed to prove that a land contract existed; in the FAC filed in the underlying action Robert contended there was evidence that was not available during the UD action hearing to prove the existence of the contract, including a handwriting expert, as Wallace alleged it was not Carl's signature on the contract. Based on the value of the home and all relevant circumstances, in the FAC, Robert claimed the consideration to Carl was adequate; he

4

was prepared to consummate the purchase of the property and pay the balance owed on the purchase price. Robert argued that specific performance was the only adequate remedy available to him. He sought a judicial determination of his rights and duties, as well as a declaration as to which party's interpretation of the land contract was correct. Robert also sought injunctive relief, raising a concern that Wallace would attempt to sell, lease, or alter the Aptos property.

Wallace demurred to the FAC in September 2017, on the grounds that there was another action pending between the same parties on the same cause of action, as Robert had filed a complaint in federal court seeking damages against Wallace, as Carl's conservator, among other defendants; alternatively, Wallace asked the court to stay the proceedings pending the conclusion of a Probate Code section 850[5] petition filed in Santa Clara County Superior Court (the probate action). Based on the pending probate action, as well as the pending federal court action, the trial court sustained Wallace's demurrer and abated the underlying action pending resolution of the federal court action[6]; the trial court also exercised its inherent authority to stay the underlying action until resolution of the probate action in Santa Clara County Superior Court.

In the probate action, Wallace sought an order confirming the conservatorship assets; Carl submitted a declaration in support of the petition stating that he had not signed the land contract as alleged by Robert. (*Estate of Lindow*, *supra*, at p. 5.) Robert filed formal opposition in the probate action. (*Id*. at pp. 5-6.) "[A]fter extensive litigation," the probate court found that the contract was invalid, and ultimately

---

[5] Probate Code section 850, subdivision (a)(1)(C) authorizes a conservator to file a petition requesting the court to make an order where the conservator or conservatee holds title to real property, "and the property or some interest therein is claimed to belong to another."

[6] After issuing an order to show cause why the matter should not be dismissed for lack of subject matter jurisdiction, the United States District Court for the Northern District of California dismissed Robert's complaint in December 2018.

5

determined that the Aptos property was part of the conservatorship estate. (*Id*. at p. 6.) Robert appealed the rulings in the probate action; while the appeal was pending, the Aptos property was sold. (*Id*. at pp. 6-7.) Based on the sale of the property, this court found Robert's appeal to be moot, as "the only relief that appellant [sought], an adjudication that he owns the property, [could not] be granted." (*Id*. at p. 7.) We affirmed the probate court's orders. (*Id*. at p. 14.)

The trial court stayed the underlying action on the FAC pending resolution of the appeal of the probate action. After this court affirmed the orders issued in the probate action, Wallace moved to lift the stay and demurred to the FAC on the ground that the sale of the property made Robert's claims moot. Robert ultimately agreed that the stay should be lifted. He argued that the purchaser of the subject property, Sharada Sheppard, was now the real party in interest, and "the only party allowed to defend this action." Robert further alleged that he did not have a " 'full and fair' opportunity to litigate the merits of the case" in the probate action, such that his claims in the underlying action would not be barred by collateral estoppel or res judicata. Although Robert indicated that the complaint should be amended to add Sheppard as a party, and to add additional causes of action, there is nothing in the record indicating he filed a properly noticed motion to do so. Rather, he raised the issue in his counter reply and supplemental opposition to the demurrer and motion to lift the stay, filed seven days before the hearing on the matter.

The trial court issued a tentative ruling lifting the stay and sustaining the demurrer without leave to amend, finding that the case was moot for the reasons set forth in *Estate of Lindow*. Robert appeared and contested the tentative ruling; after hearing argument, the court adopted the tentative. It granted Wallace's motion to lift the stay, sustained the demurrer to the FAC without leave to amend, and dismissed the case. Robert timely filed a notice of appeal from the August 10, 2020 written order sustaining the demurrer and

6

dismissing the case, appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(1).[7]  (Cal. Rules of Court, rule 8.104.)

## II. DISCUSSION

### A.  Robert Forfeited Claims of Error Regarding the Mootness Finding

The trial court sustained the demurrer to the FAC based on its finding that the case was moot.  Generally, we independently review the dismissal of an action following an order sustaining a demurrer without leave to amend, accepting the truth of properly pleaded material facts, and considering matters subject to judicial notice.  (*State Hospitals*, *supra*, 61 Cal.4th at p. 346.)  However, we review the trial court's determination of mootness for substantial evidence.  (*Giraldo v. Department of Corrections & Rehabilitation* (2008) 168 Cal.App.4th 231, 257; *Boccato v. City of Hermosa Beach* (1984) 158 Cal.App.3d 804, 808 (*Boccato*).)  As the trial court did not make any factual findings in ruling that the case was moot, " 'on appeal every intendment is in favor of the judgment, as it is presumed that every fact or inference essential to support the judgment and warranted by the evidence was found by the trial court.' [Citation.] . . . Our review is limited to determining whether there is any substantial evidence, contradicted or uncontradicted, which will support [the] conclusion of the trial court.  [Citation.]" (*Boccato*, at p. 808.)

As we indicated in *Estate of Lindow*, "It is not enough simply to declare a fact and assume the appellate court will accept that representation; on the contrary, in reviewing the sufficiency of the evidence, the appellate court 'starts with the presumption that the record contains evidence sufficient to support the judgment; it is the appellant's affirmative burden to demonstrate otherwise.  [Citations.]' [Citation.]  That burden entails 'presenting legal authority on each point made and factual analysis, *supported by appropriate citations to the material facts in the record; otherwise, the argument may be*

---

[7] Although not named a judgment of dismissal, "[a] signed order of dismissal is an appealable judgment."  (*Vitkievicz v. Valverde* (2012) 202 Cal.App.4th 1306, 1310, fn. 1.)

*deemed forfeited*.' [Citation.] . . . [T]he complete lack of reasoned analysis based on facts in the record justifies rejecting all of appellant's claims of error. [Fn. omitted.] (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*) [appellate court not required to search the record for error; by asserting insufficiency of evidence without citing the record, argument may be deemed waived].)" (*Estate of Lindow*, *supra*, at pp. 10-11, italics added.)

When arguing that the trial court erred by finding the case moot, Robert makes unsupported factual arguments justifying the rejection of his claims of error. Given the opinion in *Estate of Lindow*, he was on notice of the requirement that he cite to the record in making his claims on appeal. Even without reference to that opinion, respondent, in his respondent's brief, pointed out the defect and asked this court to reject the appeal as a result. Yet Robert made no effort to correct the defect in his reply brief; he did not cite to the record at all in replying to respondent's arguments. He cited only to portions of respondent's brief, in addition to making a passing comment that he would ask this court to augment the record with certain documents. Robert did not move to augment the record either at the time he filed his reply, or at anytime thereafter. Based on Robert's failure to support his analysis with appropriate citations to material facts in the record, we deem forfeited his argument that the trial court erred in finding mootness.

### B. Robert Forfeited Claim of Error Regarding Failure to Join Sheppard

In addition to alleging that the trial court erred in finding the case moot, Robert appears to contend that the trial court erred by failing to join Sheppard as a party to the action. As Carl points out in his respondent's brief, Robert does not clearly articulate his arguments in this regard. In one of the few citations to the record on appeal contained in his opening brief, Robert does contend that he raised the issue of whether Carl remained the "real party" in this action in his pleadings. In a "counter-reply" filed shortly before the hearing on the demurrer, Robert argued that Sheppard "must be made the real party in interest and the only party allowed to defend this action." On appeal, Robert suggests

8

that Sheppard was subject to mandatory or permissive joinder under Code of Civil Procedure sections 379 and 389.[8] Yet, he does not reference any part of the record demonstrating that he asked the trial court to join Sheppard as a party under these statutes, or where the trial court denied such a request. Robert cannot raise new issues on appeal that were not presented to the trial court. (*In re Marriage of Brewster & Clevenger* (2020) 45 Cal.App.5th 481, 510 (*Brewster*); *Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 997.)

"There is an exception to the general rule allowing a party to present a new theory on appeal, where it involves only a legal question that can be determined from uncontroverted facts in the record that could not be altered by the presentation of additional evidence. [Citation.]" (*Brewster*, *supra*, 45 Cal.App.5th at p. 510.) While Robert claims in his appellant's reply brief that Sheppard has admitted certain facts which he contends are relevant to the issue of her joinder, Robert does not cite to any portion of the record supporting that claim. In reviewing a ruling on joinder, we generally apply the abuse of discretion standard. (*Pinto Lake MHP LLC v. County of Santa Cruz* (2020) 56 Cal.App.5th 1006, 1014.) " 'The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " [Citation.] [fn. omitted]. (*Ibid*.)

---

[8] Code of Civil Procedure section 379, subdivision (a) affords the trial court discretion to join a person as a defendant in an action "if there is asserted against them: [¶] (1) Any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action; or [¶] (2) A claim, right, or interest adverse to them in the property or controversy which is the subject of the action." Code of Civil Procedure section 389 mandates the joinder of certain persons to an action, and sets forth factors the trial court must consider to determine whether a case should proceed in the absence of such an "indispensable" person, if that person cannot be joined. (Code Civ. Proc., § 389, subds. (a) & (b).)

Given Robert's failure to cite to the record, he has forfeited any arguments based on the sufficiency of the evidence, or claims that the question presented is one of law that can be determined from uncontroverted facts in the record.  (See § II.A., *ante*.)

As Robert has forfeited all arguments raised on appeal, we affirm the dismissal of the case.

### III.    DISPOSITION

The August 10, 2020 order sustaining the demurrer and dismissing the case is affirmed.

_____
Greenwood, P.J.

WE CONCUR:



_____
  Grover, J.









_____
  Danner, J.




        Lindow v. Lindow
        No. H048336