[Civ. No. 5766. First Appellate District, Division One.—March 14, 1927.]

MICHAEL T. McKEOWN, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] DIVORCE—NONRESIDENT DEFENDANT—SUMMONS—ABSENCE OF ORDER FOR PUBLICATION — JUDGMENTS—JURISDICTION.—In a divorce action, where defendant, being a nonresident, was not served with summons and did not appear, and, although summons was published, an order for publication of summons was not made, the superior court acquired no jurisdiction over defendant, and the interlocutory and final decrees awarding a divorce, alimony, and certain real property to plaintiff were in excess of the jurisdiction of the court and void.

(1) 19 C. J., p. 103, n. 20.

1. See 21 Cal. Jur. 516; 21 R. C. L. 1296.

PROCEEDING in Certiorari to review judgments of the Superior Court of· the City and County of San Francisco in an action for divorce.   Thomas F. Graham, Judge.   Judgments annulled.

The facts are stated in the opinion of the court.

Herbert C. Kaufman, and James A. Ballentine for Petitioner.

Herbert Taugher for Respondents.

Gavin McNab, Nat Schmulowitz and A. D. Duncan, *Amici Curiae* on Behalf of Petitioner.

TYLER, P. J.—*Certiorari* to review certain judgments of the Superior Court for lack of jurisdiction.   It appears from the record that petitioner was a defendant in an action brought against him by his wife for divorce; that said action was filed on the twenty-third day of August, 1923; that an affidavit for publication of summons was made by plaintiff and that such summons was published; that the cause came on for hearing in July, 1924, in the absence of defendant, and that he was not represented by counsel; that on the eighteenth day of August, 1924, the Superior Court rendered an interlocutory decree of divorce severing the marital bonds uniting plaintiff and defendant, and awarded plaintiff the sum of $50 per month as alimony and certain real property situated in the county of Alameda.   It further appears that on the fifteenth day of December, 1925, the Superior Court rendered a final decree embodying the same terms and provisions of the interlocutory decree, and this notwithstanding that no order for publication of summons was ever made by such Superior Court; that no personal service was made upon the defendant nor did he ever appear in the suit; that defendant was at the time of the commencement of the action a nonresident of the state of California; that the real property mentioned was never brought under the control of said court by any process; that petitioner first learned of the existence of the action on November 10, 1926.   [1]  Under these facts it is here claimed that the Superior Court never acquired jurisdiction of petitioner

in the action of *McKeown* v. *McKeown,* and that it acted without and in excess of its jurisdiction in rendering the interlocutory and final decrees, and that the provisions of said decrees awarding plaintiff $50 per month alimony and the real property mentioned were void and without effect. It appears from the judgment-roll in the action of *McKeown* v. *McKeown* that while a summons was published, no order was ever made by the court directing such publication. It is true that a form of order appears in the judgment-roll, but it was never signed by the judge. At the first hearing of this petition it was claimed by the attorney for respondent that the order for publication had in fact been signed. Time was given to respondent to correct the record in this respect, but he has failed to do so, probably due to the fact that the order was never signed. Under the record, therefore, as it appears before us, it is manifest that respondent court had no jurisdiction to render the judgments here in question. As no order for the publication of summons was ever made, defendant in the action had never been served with process, constructive or otherwise. This being so, the judgments were rendered without jurisdiction and they are, therefore, mere nullities, and should be annulled and set aside.

It is so ordered.

Knight, J., and Cashin, J., concurred.