Filed 3/18/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| NHIENLE MAC et al., | B309490 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC680594) |
| v. | |
| EDWIN MINASSIAN et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Gregory W. Alarcon, Judge. Affirmed in part, reversed in part.

Matthew D. Rifat for Defendants and Appellants.

K & L Gates, Mitchell S. Kim and Joseph A. Milano for Plaintiffs and Respondents.

————————————————

Edwin Minassian and Los Robles Ventures, Inc. (Los Robles) appeal from a judgment against them for breach of written contracts and related claims. They contend that the judgment should not have been issued against Minassian because plaintiffs-respondents Nhienle Mac (Mac), Sean Cunningham (Cunningham), and We Got Eaten, LLC (collectively, plaintiffs), dismissed Minassian (along with Mac and Cunningham) from the suit well before trial when they signed a stipulation and filed the fourth amended complaint, which did not include Minassian as a defendant (or Mac and Cunningham as plaintiffs). Accordingly, appellants assert that Minassian was prejudiced by the court's judgment against him, based upon the post-trial fifth amended complaint. Los Robles also asserts that it is entitled to a new trial.

We agree that Minassian was prejudiced. At trial, and for months before, the court and the parties proceeded on the understanding that the fourth amended complaint was the operative complaint and plaintiffs would need to amend their complaint to add Minassian. Nothing before or during trial put Minassian on notice that the court viewed him as a party, resulting in substantial prejudice to his due process rights when the trial court included him in the judgment. The trial court recognized this when it denied plaintiffs' motion to file an amended complaint after trial, but then it inexplicably contradicted itself, added Minassian to the decision and judgment, and referred to the post-trial fifth amended complaint as the relevant complaint.

We reverse the judgment as to Minassian. We decline to remand for a new trial as to Los Robles. We make no ruling on

2

whether plaintiffs are barred from filing a separate action against Minassian (an issue not addressed in the trial court).

## BACKGROUND[1]

### I. "The Mixx" Joint Business Venture

Sometime in 2017, Cunningham and Minassian decided to partner and open a new restaurant and nightclub in Pasadena, California to be called "The Mixx."

Minassian was already involved in a business called Los Robles Ventures, Inc. Cunningham's mother, Mac, wanted to help her son, so she gave him money to start a company called We Got Eaten, LLC (WGE).

In May 2017, Mac lent money to Los Robles through a promissory note that was signed by Minassian on behalf of Los Robles, with the understanding that Cunningham and Minassian would use it to open The Mixx.

In June 2017, Mac again lent Los Robles money for The Mixx through a second promissory note signed by Minassian on behalf of Los Robles.

In June 2017, Los Robles and WGE entered into a written contract titled "Master Services Agreement" regarding The Mixx. Cunningham signed the agreement for WGE and Minassian signed for Los Robles. The contract stated that WGE would provide certain food services at The Mixx in exchange for defined monetary compensation. Los Robles and WGE were also to split the costs of utilities and operations.

Neither Minassian nor Los Robles ever repaid the money lent under the promissory notes to Mac. In addition, Los Robles

---

[1]    Unless otherwise noted, the description of the factual background is taken chiefly from the plaintiffs' trial testimony and exhibits.

3

never paid WGE for services rendered or operating costs and utilities under the terms of the Master Services Agreement.

## II. First Three Complaints

In October 2017, plaintiffs filed suit against Minassian and Los Robles for breaching the Master Services Agreement and the May and June promissory notes.

In February 2018, May 2018, and October 2018, plaintiffs filed their first, second, and third amended complaints, all with the same plaintiffs and defendants.

## III. Fourth Amended Complaint and Stipulation

In March 2019, after the plaintiffs retained new counsel, plaintiff WGE filed a fourth amended complaint. The fourth amended complaint removed the individual plaintiffs and Minassian. Los Robles answered the fourth amended complaint on May 17, 2019.

WGE filed the fourth amended complaint pursuant to a signed and filed stipulation between the parties. The trial court, however, never signed the stipulation. WGE stated that it "recently" realized that the court had not signed the stipulation. WGE's Statement of the Case prepared for trial on May 31, 2019, referred to WGE as the sole plaintiff and to Los Robles as the sole Defendant. WGE's counsel elaborated:

"When I got into this case, I was given a representation, by opposing counsel, that the stipulation was actually accepted and granted by the Court. And because of that representation, we relied on the fact that, okay, we have to abide by what was already entered into, via stipulation. And, based on that stipulation . . . some of the original parties that were named in the caption were left out or agreed to be left out in the fourth-amended complaint."

4

WGE's counsel then told the court that because the stipulation was never signed by the court, "in effect, these parties [the individual plaintiffs and Minassian] are still in the case and being represented." "But given the facts that we know now . . . if it was never granted by the Court, and that, you know, the representation was somewhat misconstrued, then we have concerns as to the form of the complaint and the parties thereof. *Now, we could just add the parties* and extend and add a couple of sentences . . . ." (Italics added.) WGE's counsel told the court that opposing counsel would likely object to adding the parties "because some of these parties have been removed" due to lack of standing.

The court replied to WGE's counsel by noting that you "probably have . . . an argument that you could amend to proof . . . and add these folks." The court then asked if the parties might settle, and WGE's counsel stated that settlement is why he subpoenaed Minassian to appear at trial. WGE's counsel pointed out that Minassian was not present despite the subpoena, and Los Robles's counsel responded that Minassian could be present in 10 minutes.

Los Robles's counsel then argued against adding Minassian back into the case, asserting that "the signed stipulation clearly stated who the parties would be," it was submitted to the court in November 2018, and Minassian had relied on it since then. Counsel added, "[y]our honor didn't get a chance to sign [the stipulation]. And we figured it was moot because [the] trial continuance that the previous counsel requested, came and went . . . [and] they filed a fourth-amend[ed] complaint. We relied on that . . . . We file[d] an answer. So, it's a matter of . . . due process for my . . . client and all the parties who are

5

part of this . . . [Los Robles] filed an answer [to] the fourth amendment.  We prepared for a jury trial [on] that . . . ."

The court responded:  "[I]t doesn't come as any surprise. You know who the parties are."  Counsel interrupted him, stating "Well, yeah, I – it's written."  The court elaborated: "it's written out, in the *fourth amendment, that you know.*"  (Italics added.) The court then said to WGE's counsel, "you can do a little research about adding [a] party."

That same morning, the two-day bench trial commenced. At no time during the trial did WGE's counsel move to amend the complaint or to amend to conform to proof.

## IV.    Fifth Amended Complaint

The day after trial, WGE filed a motion for leave to file a fifth amended complaint, which would add back the parties from the third amended complaint.  In July 2019, the trial court held a hearing on the motion.  WGE's counsel argued that leave to file a fifth amended complaint was warranted because he was misled by prior counsel into thinking the stipulation had been granted by the court.  Los Robles's counsel countered that adding Minassian back into the case after trial would be prejudicial because the parties had been operating for months as if he was dismissed, but that if the court were to grant leave to amend then at least "Minassian should be allowed to take advantage of the six months that he lost.  He will be able to litigate, do discovery, and participate in trial."

In August 2019, the trial court denied the motion for leave to file the fifth amended complaint, holding:  The "trial has already been completed.  The court's minute order of July 14, 2019 shows that both sides have rested and a statement of decision is pending.  Permitting an amendment to add a

6

defendant dismissed before trial when trial has now already been concluded can only be prejudicial to that defendant because there is no opportunity for the defendant to present a defense.  Further, Plaintiff does not present any excuse, reasonable or otherwise, for the delay in seeking leave to amend.  Therefore, the motion is denied."

## V.     Proposed Statement of Decision and Supplemental Briefing

Despite its order denying the motion to file the fifth amended complaint due to prejudice to Minassian, that very same day the trial court issued its Proposed Statement of Decision, making findings against Minassian.  The trial court stated plaintiffs had proven their claims in the "*Fifth Amended Complaint*."  (Italics added.)  Minassian and Los Robles filed objections, pointing out the prejudice to Minassian and contradictions between the court's order denying leave to file an amended complaint and the Proposed Statement of Decision.

In December 2019, the trial court ordered supplemental briefing on whether, "[i]f the *Fourth Amended Complaint* is the operative complaint, is Plaintiff [WGE] an intended or an incidental beneficiary to the agreements and donations made toward The Mixx [i.e., the promissory notes which did not name WGE]?"  (Italics added.)  At a hearing on that briefing in February 2020, the court took the matter under submission.

## VI.    Final Decision and Judgment Against Minassian

In May 2020, the trial court overruled all objections to the Proposed Statement of Decision and adopted it, unchanged, as the Statement of Decision, referring to the "*Fifth Amended Complaint*."  (Italics added.)  The decision made no reference to

the court's prior, contradictory order denying leave to amend, nor to Minassian's and Los Robles's objections.

The trial court entered a $219,713.33 judgment against Minassian and Los Robles in favor of Mac, Cunningham and WGE. The judgment states that Minassian did not appear at trial and is explicitly premised on the "Fifth Amended Complaint."

Minassian and Los Robles timely appealed.

## DISCUSSION

### I. Standard of Review

We review rulings on a motion to amend a complaint for an abuse of discretion. (*Tung v. Chicago Title Co.* (2021) 63 Cal.App.5th 734, 747.) A trial court has " 'wide discretion' " in allowing the amendment of any pleading, and as a matter of policy the ruling of the trial court in such matters will be upheld unless a " 'manifest or gross abuse of discretion is shown.' " (*Id.* at p. 747.)

### II. Minassian Was Not a Party to the Suit at Trial

Minassian argues that the fourth amended complaint was the operative complaint at trial. Plaintiffs argue it was the third amended complaint because the stipulation allowing the fourth amended complaint to be filed was never signed by the trial court. This dispute is critical because "[i]t has long been the rule that an amended complaint that omits defendants named in the original complaint operates as a dismissal as to them." (*Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1142.) We conclude that the fourth amended complaint was the operative complaint, such that Minassian was not a party to the case at trial.

8

A party may amend its pleading "once without leave of the court at any time before the answer, demurrer, or motion to strike is filed, or after a demurrer or motion to strike is filed but before the demurrer or motion to strike is heard if the amended pleading is filed and served no later than the date for filing an opposition to the demurrer or motion to strike. A party may amend the pleading after the date for filing an opposition to the demurrer or motion to strike, upon stipulation by the parties." (Code Civ. Proc., § 472.) Otherwise, leave of court is required under Code of Civil Procedure section 473.

Given the court's conduct at trial and the presumption of correctness, we conclude that the trial court viewed the fourth amended complaint as the operative complaint at trial and effectively treated its filing as approved, even though it was never signed by the court. The court specifically stated "[y]ou know who the parties are . . . it's written out, *in the fourth amendment*, that you know." (Italics added.) Furthermore, the court instructed WGE's counsel to "do a little research about adding a party,"—a statement that would be unnecessary if the third amended complaint was the operative complaint as WGE claims. The court also told WGE it had an argument it could "add these folks" by later amendment, which would make sense only if they were not named in the operative complaint. The record is also devoid of any statement or indication by the trial court that it *intentionally* had declined to sign the stipulation. It would have had no reason to reject a stipulated amended complaint that streamlined the case by dropping parties. In sum, the trial court appears to have accepted the parties' stipulation by nature of its conduct on the record at trial, and after trial when it denied the motion for leave to amend to add Minassian

9

specifically because he was not part of the case at trial.  Although the court never specifically said it was granting permission to file the amended complaint pursuant to the stipulation, " ' "[a]ll intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent[.]" ' " (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563.)  The court's rulings and statements at the time of trial were only consistent with the fourth amended complaint being controlling (or stated differently, were inconsistent with treating the third amended complaint as the operative complaint).  The failure to sign the stipulation was clearly a mere clerical oversight.

Additionally, California courts have recognized circumstances where a stipulation pursuant to section 473 of the Code of Civil Procedure need not be signed by the court to be enforceable.  In *Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1052 (*Harding*), the court held that a plaintiff was bound by an oral stipulation regarding leave to amend a complaint where the plaintiff admitted orally stipulating to the amendment and defendants had given up rights and advantages in reliance on that stipulation.  The court in *Harding* noted that "[t]he stipulation of the parties was oral; it had not been filed with the clerk nor had it been entered upon the minutes of the court.  We are aware that stipulations by counsel are binding upon the parties if they are filed with the clerk of the court or entered upon the minutes of the court, but not otherwise.  ([Code Civ. Proc.,] § 283.)  However, the courts have not given this general rule a strict application in all cases." (*Harding, supra,* 177 Cal.App.3d at p. 1052, citing *Waybright v. Anderson* (1927) 200 Cal. 374, 379 [holding that a plaintiff's delay in filing an amended complaint,

10

where that delay was based upon an oral stipulation with opposing counsel, was excusable; citing Code Civ. Proc., §§ 283, 473]; see also *Smith v. Whittier* (1892) 95 Cal. 279, 288 [where stipulation was only oral and one party relied upon it such that they lost a right, the other party is not allowed to "repudiate the obligation of his own agreement upon the ground that it had not been entered in the minutes of the court"].)

Contrary to plaintiffs' assertion, *McKeown v. Superior Court* (1927) 81 Cal.App. 720 (*McKeown*), does not address the "exact" issue on appeal here. *McKeown* concerns proper service of summons, which is a jurisdictional requirement. (*Id.* at p. 722.) The court in *McKeown* could not enforce the judgment because it never had jurisdiction over the party for whom the superior court had never issued an order for publication of summons. (*Ibid.*) Here, there is no jurisdictional issue; only the technical one of the trial court inadvertently not signing the stipulation which, as noted above, is not always a requirement.

We conclude that Minassian was dismissed from the case by the fourth amended complaint based on the parties' stipulation to file that complaint and the court treating it as operative at the time of trial.

## III. The Trial Court Abused Its Discretion in Permitting Amendment of the Complaint After Trial to Add Minassian as a Defendant

The trial court denied, in writing, the plaintiffs' motion to add Minassian back into the case by filing the fifth amended complaint, yet later effectively ignored its own ruling because it relied on the fifth amended complaint for its decision and judgment against Minassian. This was an abuse of discretion.

11

In their motion for leave to file the fifth amended complaint, plaintiffs relied upon Code of Civil Procedure section 473, subdivision (a)(1), which provides that "[t]he court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect. . . . The court may likewise, in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading or proceeding in other particulars . . . ."

" 'California courts "have a policy of great liberality in allowing amendments at any stage of the proceeding so as to dispose of cases upon their substantial merits where the authorization does not prejudice the substantial rights of others." [Citation.]' " (*Board of Trustees v. Superior Court* (2007) 149 Cal.App.4th 1154, 1163.)

As the trial court recognized in its August 2019 order denying leave to file an amended complaint adding Minassian as a defendant after trial, adding him back into the case is prejudicial to his due process rights. First, both sides proceeded as if Minassian had been dismissed from the case for at least several months before trial. Plaintiffs did not include Minassian as a defendant in their statement prepared for trial, and on the morning before trial began, plaintiffs stated on the record that they would need to do something to add Minassian back into the case.

Second, nothing during trial put Minassian on notice that the trial court viewed him as part of the case. The trial court instructed WGE's counsel to do research about adding a party, which would be relevant only if the fourth amended complaint,

12

which omitted the individual parties, was the operative complaint. Counsel for Los Robles had also been Minassian's counsel, so his presence was not an indication that Minassian was participating in the trial. As counsel for Los Robles and Minassian said at trial, if the court were to allow leave to amend to bring Minassian back into the case, Minassian should at least be allowed to conduct discovery, litigate, and participate at trial or he would be severely prejudiced. Nonetheless, the trial went forward with no opportunity for Minassian to prepare for trial.

California courts have denied leave to amend where the proposed amendment to the complaint is during or after trial, and the amendment would require the defendant to have litigated or acted differently to assert his rights before and at trial. (See, e.g., *Cota v. County of Los Angeles* (1980) 105 Cal.App.3d 282, 293 ["Granting of the motion would have been prejudicial to defendants, inasmuch as they were not prepared to defend against such evidence"].) For example, where a plaintiff filed a motion to amend mid-trial that changed how the defendant might have litigated because it added a new theory of damages, a court of appeal found it would result in prejudice to the defendant because he had not been on notice to conduct discovery on the issue, nor to retain an expert to testify at trial, and he may have acted differently in respect to settlement negotiations. (*Duchrow v. Forrest* (2013) 215 Cal.App.4th 1359, 1381; see also *Magpali v. Farmers Group, Inc.* (1996) 48 Cal.App.4th 471, 488 ["Where the trial date is set, the jury is about to be impaneled, counsel, the parties, the trial court, and the witnesses have blocked the time, and the only way to avoid prejudice to the opposing party is to continue the trial date to

13

allow further discovery, refusal of leave to amend cannot be an abuse of discretion"].)

Minassian was similarly prejudiced here. If he knew in the months before trial that he could be held personally liable, he may have conducted discovery, answered or brought motions regarding the fourth amended complaint, and participated in the trial as a defendant, by hiring an expert for example. That he was subpoenaed to appear at trial as a witness, or for purposes of settlement, which is the reason proffered by WGE's counsel for the subpoena, is not the same as defending his rights at trial as a defendant.

Most significantly, the trial court itself recognized the prejudice to Minassian's due process rights if WGE filed a fifth amended complaint adding him as a defendant after trial. Its subsequent, unexplained actions treating Minassian as a defendant prejudiced his due process rights.

Tellingly, the parties do not point to any case where a defendant was pled into a case post-trial without prejudice, and this court could find none. Possibly analogous circumstances are cases concerning motions to amend judgments to add a defendant who is the alter ego of another defendant against whom the plaintiff obtained a judgment, which are filed pursuant to Code of Civil Procedure section 187. (See *NEC Electronics Inc. v. Hurt* (1989) 208 Cal.App.3d 772, 778.) Yet, the "ability under section 187 to amend a judgment to add a defendant, thereby imposing liability on the new defendant without trial, requires *both* (1) that the new party be the alter ego of the old party *and* (2) that the new party had controlled the litigation, thereby having had the opportunity to litigate, in order to satisfy due process concerns."

14

(*Triplett v. Farmers Ins. Exchange* (1994) 24 Cal.App.4th 1415, 1421.)

Here, the plaintiffs do not point to any motion under Code of Civil Procedure section 187 in the record or to any alter ego argument made before the trial court as to Minassian, nor do plaintiffs argue on appeal that Minassian was the alter ego of Los Robles *and* controlled Los Robles's litigation. Plaintiffs merely argue that trial evidence established that "Minassian was Los Robles Ventures, Inc. (or, at least, an agent thereof)" in asserting that Minassian was not prejudiced.

We conclude that Minassian was severely prejudiced by the post-trial amendment of the operative complaint because he lacked notice that he was part of the case at trial or in the months before. His due process rights were violated because he reasonably relied upon the filed stipulation and fourth amended complaint, and upon statements by the court at trial that he would need to be pled back into the case. The trial court abused its discretion in issuing a judgment against Minassian.

## IV.    Appellants Do Not Support Their Claim That Los Robles Is Entitled to a New Trial

Appellants argue that we should reverse the trial court's judgment as to Los Robles and order a new trial.

We reject this claim, in part. We begin with the presumption that the judgment is correct, and the burden is on the appellants to overcome this presumption. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) They can overcome this presumption only by supporting their contention with argument and citations to authority and the record that demonstrate error. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 276–277.) Appellants

15

make only a brief conclusory request that we should reverse the judgment as to Los Robles and order a new trial.  They cite to no authority, nor do they explain why Los Robles would be entitled to a new trial.

At oral argument, counsel for Los Robles asserted that a significant portion of the promissory notes at issue in the case solely obligated Minassian, which therefore justified overturning the verdict against Los Robles to the extent the judgment was based on Minassian's personal debt.  This argument, factually and legally, appears nowhere in Los Robles's briefs, and Los Robles has identified no justification for its omission.  As such, WGE has had no opportunity to evaluate or respond to this assertion by Los Robles.  We are entitled to disregard arguments that do not appear in the briefs, lack citations to the record, and are unaccompanied by legal authority.  (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.)  Los Robles forfeited this argument.

But appellants do correctly assert that, since the fourth amended complaint was operative for purposes of trial, Plaintiffs-Respondents Mac and Cunningham had been dismissed from the case.  The motion to file the fifth amended complaint, adding Mac and Cunningham (and Minassian) back into the case, was denied.  It was improper for the trial court to enter judgment in favor of parties who had been dismissed from the case.  We therefore reverse the judgments for Mac and Cunningham and affirm as to WGE's judgment against Los Robles only.

## DISPOSITION

The judgment of the trial court is reversed in its entirety as to Minassian.  The judgment is also reversed as to Mac and Cunningham's claims against Los Robles.  The judgment as to

16

WGE's claims against Los Robles is affirmed. We express no opinion as to whether WGE, Mac and/or Cunningham are barred from pursuing the claims that have been reversed in a separate action, as that issue was not litigated in the trial court, and was raised in passing, without analysis, for the first time on appeal.[2] Minassian is awarded his costs on appeal. All other parties shall bear their own costs.

**CERTIFIED FOR PUBLICATION**


HARUTUNIAN, J.[*]

We concur:


GRIMES, Acting P. J.


WILEY, J.

---

[2]    Minassian asks us, without legal citation, to "deem" his dismissal from the fourth amended complaint (and the trial court's denial of the motion to add him back in a fifth amended complaint) as a dismissal with prejudice. While we agree that the time has passed for filing any amended complaints in this case adding back in any parties, we decline to address the hypothetical and unbriefed issues that might arise (under collateral estoppal, res judicata, statute of limitations, waiver, etc.) if a dismissed claim is asserted in a new action.

[*]    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.