Filed 8/21/24  Anderson v. Ciego CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| YVONNE T. ANDERSON,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALLEN B. CIEGO et al.,<br><br>    Defendants and Appellants. | B322765<br><br>(Los Angeles County<br>Super. Ct.<br>No. 18STCV04291) |

APPEAL from orders of the Superior Court of Los Angeles County, Rupert A. Byrdsong, Judge.  Affirmed.

Ernest G. Ciego, in pro. per., for Defendant and Appellant.

Allen B. Ciego, in pro. per., for Defendant and Appellant.

Monica R. Morgan, in pro. per., for Defendant and Appellant.

Shelmadine M. Mariano, in pro. per., for Defendant and Appellant.

Eddieson M. Ciego, in pro. per., for Defendant and Appellant.

Stone & Sallus, Jason M. Stone, and Scott J. Kalter, for Plaintiff and Respondent.

_____

## INTRODUCTION

Defendants and appellants Ernest G. Ciego, Allen B. Ciego, Monica R. Morgan, Shelmadine M. Mariano, and Eddieson M. Ciego appeal[1] from various proceedings in this real property dispute. As appellants fail to brief any cognizable claims of error or support their contentions with citations to pertinent law and the record, they did not meet their burden of demonstrating error on appeal. Thus, we affirm the trial court's orders.

## FACTS AND PROCEDURAL BACKGROUND

In 2018, plaintiff and respondent Yvonne T. Anderson filed this action, challenging the validity of a quitclaim deed conveying to appellants title to a Los Angeles property owned by Anderson's mother, Ella Ciego.[2] Anderson alleged the quitclaim deed was invalid because appellants threatened, harassed, and pressured Ella to execute it. Ella was allegedly mentally incompetent and reliant on appellants to maintain her health and well-being. Anderson alleged that she solely owned the property because Ella agreed that upon Ella's death, Ella would transfer the property to

_____

[1] This court granted appellants' motion to consolidate appeals, ordering appeal Nos. B325069, B322765, and B324147 consolidated under appeal No. B322765.

[2] We refer to Ella Ciego as Ella since she shares a last name with some of the appellants.

2

Anderson in exchange for naming Anderson as a co-borrower on a loan that was used to repair and improve the property. Anderson sought quiet title, cancellation of instrument, and partition, among other relief, against appellants.

The parties settled this case in January 2021. The settlement agreement provided that Anderson and appellants would each assume half of all costs and expenses of the property to bring it current with the lender and remove the property from foreclosure proceedings. The parties also agreed to sell the property and divide the proceeds equally. Anderson moved to enforce the settlement agreement in November 2021. In January 2022, the trial court granted Anderson's motion and set an order to show cause regarding the status of the settlement agreement's enforcement.

From April 2022 to October 2022, Anderson applied ex parte three separate times to enforce the settlement agreement. The court granted these ex parte applications on August 17, and October 13, 2022. On November 23, 2022, the court granted Anderson's ex parte application for appointment of a receiver to oversee the sale of the property.

Appellants timely appealed.

## DISCUSSION

Based on the notices of appeal, we discern that appellants challenge the August 17, and October 13, 2022 orders enforcing the settlement, and the November 23, 2022 appointment of a receiver. However, appellants' incoherent briefs fail to raise any cognizable legal issues.

"Perhaps the most fundamental rule of appellate law is that the judgment [or order] challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively

3

demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) " 'All intendments and presumptions are indulged to support [a judgment or order] on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) " 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146 (*United Grand Corp.*); Cal. Rules of Court, rule 8.204 [briefs must "support each point by argument and, if possible, by citation of authority" and must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."].) Appellants who fail to satisfy this requirement forfeit their argument on appeal. (See *United Grand Corp.,* at pp. 146, 156, 161; *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699–700 ["When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary."].) Further, "[i]t is not the task of the reviewing court to search the record for evidence that supports the party's statement; it is for the party to cite the court to those references. Upon the party's failure to do so, the appellate court need not consider or may disregard the matter." (*Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1.)

Appellants have the burden not only to show error but prejudice from that error. (Cal. Const., art. VI, § 13.) "[W]e cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice. [Citations.] Nor will this court act as counsel for

4

appellant by furnishing a legal argument as to how the trial court's ruling was prejudicial." (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.) And, it is well established that " '[w]hen a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys [citations].' " (*Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1056.)

Here, appellants' briefs consist of numerous haphazard, disjointed arguments lacking support. From what we can glean, appellants assert that Anderson's counsel lied about certain information; the trial court violated appellants' due process rights due to judicial bias or failure to verify certain information; the court lacked jurisdiction to issue its orders; and the court abused its discretion by denying appellants' request for a continuance of their prior counsel's motion to be relieved as counsel. Appellants also digress into conspiratorial ramblings that the settlement agreement was forged, Anderson's attorneys were trying to steal, and the property was sold in an "illegal kick-back sale."

However, appellants fail to cogently discuss any of the foregoing matters or support their contentions with pertinent legal authority and citations to the record. (See *United Grand Corp.*, *supra*, 36 Cal.App.5th at p. 153 ["We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt' "].) Appellants have not demonstrated prejudice or a miscarriage of justice, let alone articulate error.[3] Appellants

---

[3] California Rules of Court, rule 8.204(a)(2) requires appellants to "[s]tate the nature of the action, the relief sought in

5

have therefore forfeited these arguments on appeal.  (See *id.* at pp. 146, 156, 161; *Regents of University of California v. Sheily*, *supra*, 122 Cal.App.4th at p. 826, fn. 1; *Landry v. Berryessa Union School Dist.*, *supra*, 39 Cal.App.4th at pp. 699–700.)

In short, appellants have not met their most basic burden on appeal.  Accordingly, we find no basis to disturb the trial court's rulings.

---

the trial court, and the judgment or order appealed from."  (Cal. Rules of Court, rule 8.204(a)(2)(A).)  Rule 8.204(a)(2) also requires appellants to "[s]tate that the judgment appealed from is final, or explain why the order appealed from is appealable" and to "[p]rovide a summary of the significant facts limited to matters in the record."  (*Id.*, rule 8.204(a)(2)(B), (C).)  As discussed above, appellants' papers do not even satisfy these basic requirements.  They do not clearly identify the orders appealed from or explain why they are appealable.  Appellants fail to state the nature of the action or provide a summary of the significant facts.

## DISPOSITION

We affirm the August 17, 2022, October 13, 2022, and November 23, 2022 orders. Plaintiff and respondent Yvonne T. Anderson is awarded her costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


BERSHON, J.*

We concur:


EDMON, P. J.


ADAMS, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7