Filed 11/12/21  Moreno v. Moreno CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA


| | |
|---|---|
| ABRAHAM F. MORENO, | D077193 |
| Respondent, | |
| v. | (Super. Ct. No. 37-2019-00066248-CU-PT-SC ) |
| VICTORIA MORENO, | |
| Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, Keri G. Katz, Judge.  Dismissed.

Victoria Moreno, in pro. per., for Appellant.

No appearance for Respondent.

Victoria Moreno, who is self-represented, appeals from an order granting respondent Abraham Moreno's request for an elder or dependent adult abuse restraining order protecting himself, his wife and his daughter against Victoria, who is his granddaughter.[1]

---

[1]  We do not set forth the underlying facts, which are not necessary for our disposition of this appeal.  We refer to appellant by her first name to avoid confusion, and intend no disrespect.

Victoria's appellate brief does not contain clearly stated arguments for reversal supported by citations to legal authority and the record. This court has nevertheless discerned that the gravamen of her claim is that insufficient evidence supported the court's decision to grant the restraining order: "There is no evidence stating how I was the type of person they say to me to be claimed [*sic*] as all they had was a police report when I reported my aunt to leave my grandpa's house to get the restraining order even temporary upon me." We hold Victoria's claims are both forfeited and moot. On the latter ground, we dismiss the appeal.

## DISCUSSION

Under the following basic appellate principles, Victoria has forfeited her claims. " 'The rule is well established that a reviewing court must presume that the record contains evidence to support every finding of fact, and an appellant who contends that some particular finding is not supported is required to set forth in his [or her] brief a summary of the material evidence upon that issue. Unless this is done, the error assigned is deemed to be waived. [Citation.] It is incumbent upon appellants to state fully, with transcript references, the evidence which is claimed to be insufficient to support the findings.' " (*In re Marriage of Fink* (1979) 25 Cal.3d 877, 887.) Victoria has not done so here.

Additionally, we are governed by the following legal principles: " 'As an aspect of the presumption that judicial duty is properly performed [Evid. Code, § 664], we presume . . . that the court knows and applies the correct statutory and case law [citation] and is able to distinguish admissible from inadmissible evidence, relevant from irrelevant facts, and to recognize those facts which properly may be considered in the judicial decisionmaking process.' " (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1531.)

2

As a general rule, " '[a] judgment or order of the lower court is presumed correct [with] [a]ll intendments and presumptions . . . indulged to support it on matters as to which the record is silent.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics omitted; see also *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)  To obtain reversal, the appellant must affirmatively demonstrate error on the record before the court.  (*Ibid.*)  Further, an appellate court is not required to independently search the record for errors, or " 'consider alleged errors where the appellant merely complains of them without pertinent argument.' " (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115.)  "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Benach*, at p. 852; see California Rules of Court, rule 8.204(a)(1)(B) [each brief is required to "support each point by argument and, if possible, by citation of authority"].)  None of Victoria's arguments affirmatively demonstrate error under these principles.

Even if Victoria had established some error, she has not shown prejudice.  An appellate argument is not merely a rehash of arguments unsuccessful at trial, but a carefully honed assertion of legal error and resulting prejudice.  The job of the appellant is to demonstrate to this court the trial court erred in specific ways that resulted in identifiable prejudice to the parties.  This court will not presume prejudice; Victoria has not fulfilled her obligation of demonstrating prejudice through reasoned arguments.  (See *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800-802; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 105-106 ["[O]ur duty to examine the entire cause arises when and only when the appellant has fulfilled his [or her] duty to tender a proper prejudice argument.  Because of the need to

3

consider the particulars of the given case, rather than the type of error, the appellant bears the duty of spelling out in his [or her] brief exactly how the error caused a miscarriage of justice"].)

Victoria's cursory and unintelligible arguments do not overcome the presumption of correctness of the court's order. She is not excused from her obligations on appeal as a self-represented litigant. "[T]he rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) Litigants proceeding without counsel are " 'entitled to the same, but no greater, consideration than other litigants and attorneys.' " (*Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1056.)

Setting aside Victoria's forfeiture, we further conclude Victoria's contentions have been rendered moot because the court's restraining order expired in July 2020, during the pendency of this appeal. (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10 ["an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events"].) "Appellate courts generally will neither decide controversies that are moot nor render decisions on abstract propositions. [Citations.] 'A case is moot when the decision of the reviewing court "can have no practical impact or provide the parties effectual relief. [Citation.]" [Citation.] "When no effective relief can be granted, an appeal is moot and will be dismissed." ' " (*Steiner v. Superior Court* (2013) 220 Cal.App.4th 1479, 1485.)

## DISPOSITION

The appeal is dismissed.


O'ROURKE, J.

WE CONCUR:


HALLER, Acting P. J.


GUERRERO, J.