Filed 9/22/25  Souch v. Redwood Credit Union CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

<table>
<tr><td>

CHARLOTTE SOUCH,

    Plaintiff and Appellant,

v.

REDWOOD CREDIT UNION,

    Defendant and Respondent.

</td><td>

A169774

(Sonoma County
Super. Ct. No. SCV-266884)

</td></tr>
</table>

Plaintiff Charlotte Souch appeals from a judgment dismissing her lawsuit against defendant Redwood Credit Union (Redwood) after the trial court imposed terminating sanctions against her.  The court imposed these sanctions because Souch failed to appear for her deposition despite an order compelling her to appear, because her deposition had not been taken approximately one year after the initial deposition notice and six months after the order, and because she misrepresented her efforts to obtain a new attorney after her prior attorney withdrew due to serious injuries he sustained in an accident.  On appeal, Souch argues that the court abused its discretion in imposing terminating sanctions and failed to consider less drastic sanctions.  We disagree and affirm.

1

# I. <u>BACKGROUND</u>

In August 2020, Souch, represented by her former counsel Matthew Mellen, filed a complaint against Redwood for equitable relief and damages. The complaint alleged wrongful conduct by Redwood during foreclosure proceedings against Souch after she defaulted on her mortgage. After Souch failed to file a case management statement or appear at a case management conference, the trial court imposed monetary sanctions against Souch and Mellen and issued an order to show cause as to why the action should not be dismissed. When neither Mellen nor Souch appeared at the hearing on the order to show cause in March 2021, the court dismissed the action without prejudice. The court vacated the dismissal a few months later after Mellen filed a motion for relief from dismissal.

In August 2021, Mellen filed a motion to be relieved as counsel based on "an irretrievable breakdown in the [attorney-client] relationship." While this motion was pending, Mellen did not appear at a case management conference in September. The trial court imposed additional monetary sanctions against him and noted that the prior sanctions remained unpaid. The court then issued another order to show cause as to why the action should not be dismissed.[1] The court denied Mellen's motion in October, noting that he "provided no explanation on why this motion was filed instead of consent" as required by Code of Civil Procedure section 284(1).[2]

In May 2022, Mellen moved again to be relieved as counsel after he "suffered a serious injury [in an accident] which ha[d] placed him in the hospital, and made it such that he is medically incapacitated and partially

---

[1] This order to show cause was dropped after an attorney from Mellen's law firm appeared at the hearing.

[2] All further statutory references are to the Code of Civil Procedure.

paralyzed."[3] The motion continued that, as a result, "Mellen Law Firm is ceasing operations." While this motion was pending, Redwood noticed Souch's deposition for July 2022. She did not appear. Redwood re-noticed Souch's deposition for September 2022 but she did not appear again. Both notices were served on Mellen. Redwood then filed a motion to compel Souch's deposition. In the meantime, the trial date was continued at Redwood's request from November 2022 to May 2023 (and then later to July 2023).

In October 2022, the trial court heard and denied Mellen's motion to be relieved as counsel because the motion was only served on Souch electronically and not by mail or personal service as required by statute. Mellen moved for reconsideration. In his supporting declaration, he stated that he had spoken to Souch in or around June 2022 and told her that he could no longer represent her and referred her to Sarah Shapero, a former employee of his who started her own law firm.

On January 25, 2023, the trial court heard Mellen's motion for reconsideration. Souch appeared and objected to Mellen's withdrawal. She also filed an opposition stating that she was "in the process of bringing on another attorney" and needed more time. The court orally granted Mellen's motion as well as his motion to be relieved as counsel. Due to a clerical error, the order relieving Mellen as counsel was not filed until the end of March.

Approximately a week after the trial court orally granted Mellen's motions, Redwood noticed Souch's deposition for the third time. The notice was served on Mellen only. A few days later, the court granted Redwood's

---

[3] The trial court continued the motion to be relieved from August to October 2022 to provide Mellen time to correct a defect in service on Souch.

3

unopposed motion to compel Souch's deposition. No monetary sanctions were imposed. Souch did not appear for her third noticed deposition.

Approximately two weeks later, Redwood moved for terminating sanctions against Souch based on her failure to appear. Souch, now in pro per, filed an opposition, arguing that service was defective and that she was "still in the process of . . . bringing on another attorney." Souch also claimed that she had not received her client file from Mellen. The court continued the motion to July 2023 to allow additional time for Souch to obtain her file and to meet and confer with Redwood regarding her deposition. The court instructed Redwood to "drop this motion in the event that the matter is resolved."

Redwood noticed Souch's deposition for the fourth time in early June 2023. Souch appeared and testified under oath that Mellen had not transferred any files to her and that her deposition should not proceed without her attorney, Shapero, present. Souch averred that Shapero had "all [her] records" and that a fee agreement was "in negotiation." Souch further testified that she had given Shapero money. When asked when she last communicated with Shapero, Souch responded that she sent Shapero an e-mail "a couple months ago" but did not wish to disclose any more because of attorney-client privilege. Redwood suspended the deposition pending confirmation that Souch had an attorney. Redwood's counsel reached out to Shapero that same day; Shapero responded that she was not and would not be representing Souch.

Redwood's counsel immediately informed Souch of this and told her that he would re-notice her deposition unless she filed a substitution of attorney in the next five days. When Souch did not, Redwood's counsel noticed her deposition for the fifth time. The day before, he e-mailed Souch

4

that he would continue to pursue the pending motion for terminating sanctions if she failed to appear or refused to answer substantive questions. Despite this, Souch did not appear.

In July 2023, the trial court heard Redwood's motion for terminating sanctions. Souch was present and stated that she communicated with Shapero on multiple occasions by phone and e-mail and had exchanged a contract with her. The court continued the hearing for two days so Souch could bring this contract as well as all documents she exchanged with Shapero. The court also vacated the July 2023 trial date. In its lengthy tentative ruling, the court noted, "there is no dispute that [Souch] has delayed [her] deposition and failed to appear" and when she did appear, "she made direct and clear, but false statements about having engaged a new attorney." The court, however, recognized that her former attorney's "serious injuries and imperfect attempts to withdraw . . . caused much delay." Nonetheless, it found that there was a "potentially valid basis for [terminating sanctions]" but "require[d] further information before making a decision."

At the continued hearing on the motion for terminating sanctions, the trial court noted that Souch did not bring *all* documents as ordered and that the documents she did bring indicated that she last exchanged e-mails with Shapero between June and October 2022. Souch confirmed that her last correspondence with Shapero was indeed back in October. Based on the documents and Souch's confirmation, the court concluded that there was no evidence of any formal agreement between Souch and Shapero. The court then imposed terminating sanctions. In doing so, it adopted its previous tentative ruling and made two additional findings: (1) there was no basis for Souch's representations at her fourth noticed deposition that Shapero was

5

her attorney; and (2) Souch failed to appear at her fifth noticed deposition in violation of the court's order. The court ordered the case dismissed with prejudice and entered judgment for Redwood. Souch timely appealed.

## II. DISCUSSION

### A. Standard of Review and Law

" 'The power to impose discovery sanctions is a broad discretion subject to reversal only for arbitrary, capricious, or whimsical action. [Citations.] Only two facts are absolutely prerequisite to imposition of the sanction: (1) there must be a failure to comply . . . and (2) the failure must be wilful [citation].' " (*Do It Urself Moving & Storage, Inc. v. Brown, Leifer, Slatkin & Berns* (1992) 7 Cal.App.4th 27, 36 (*Do It Urself*).) The question on appeal "is not whether the trial court should have imposed a lesser sanction; rather, the question is whether the trial court abused its discretion by imposing the sanction it chose." (*Id.* at p. 37.) In reviewing for such abuse, we draw all reasonable inferences in support of the trial court's ruling. (*Karton v. Ari Design & Construction, Inc.* (2021) 61 Cal.App.5th 734, 749.)

The Civil Discovery Act permits the trial court, "after notice to any affected party, person, or attorney, and after opportunity for hearing," to impose sanctions "against anyone engaging in conduct that is a misuse of the discovery process." (§ 2023.030.) Misuse includes "[f]ailing to respond or to submit to an authorized method of discovery" and "[d]isobeying a court order to provide discovery." (§ 2023.010, subds. (d), (g).) Sanctions may include monetary, issue, evidence, and terminating sanctions. (§ 2023.030, subds. (a)–(d).) For terminating sanctions, a court may issue an order "dismissing the action, or any part of the action, of that party." (*Id.*, subd. (d)(3).)

"The discovery statutes evince an incremental approach to discovery sanctions, starting with monetary sanctions and ending with the ultimate

6

sanction of termination. 'Discovery sanctions "should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery." ' " (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 992 (*Doppes*).) "A decision to order terminating sanctions should not be made lightly. But where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction." (*Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 279–280.)

B. Analysis

As Redwood points out, Souch's opening brief fails to include any record citations, in violation of California Rules of Court, rule 8.204(a)(1)(C). Although this violation justifies striking some or all of the opening brief, we need not resort to such a remedy because we find no abuse of discretion here. The trial court imposed terminating sanctions over *a year* after Mellen told Souch that he was withdrawing as her attorney due to his serious injuries and almost six months after the court's order compelling her deposition. Redwood had noticed Souch's deposition two times after Mellen had withdrawn as her counsel, to no avail. Trial had also been continued several times because Redwood had been unable to obtain discovery from Souch.

Despite this, Souch contends that the trial court improperly relied on Mellen's misconduct and the deceptive practices of Redwood's counsel when it imposed terminating sanctions.[4] We disagree. While the court recognized that Mellen's "serious injuries and imperfect attempts to withdraw . . .

---

[4] Specifically, Souch argues that Redwood's counsel "took advantage of Mellen's incapacitation" when it served the first three deposition notices on Mellen, "who never provided these documents to . . . Souch." Even if true, this does not change our analysis.

7

caused much delay," it imposed terminating sanctions based on Souch's conduct at her fourth and fifth noticed depositions *after* Mellen withdrew as her attorney. Indeed, the fourth deposition was noticed after the court issued the order to compel and told the parties to meet and confer about Souch's deposition. Although Souch appeared at this deposition, she falsely testified under oath that Shapero was her attorney, causing Redwood to suspend the deposition. After Redwood confirmed that Shapero was not and would not be representing Souch, it noticed Souch's deposition for the fifth time. Souch, however, *willfully* failed to appear.

At the hearing on terminating sanctions, Souch told the trial court that she had exchanged a contract with Shapero but did not have a copy with her. The court gave her an opportunity to provide that contract to the court together with all other documents she had exchanged with Shapero. At the continued hearing two days later, Souch failed to bring this alleged contract or any documents evidencing an attorney-client agreement with Shapero. Instead, the documents Souch did bring confirmed that she last corresponded with Shapero more than eight months earlier in October 2022. Based on this, the court reasonably concluded that Souch's statements at her deposition were false, that she failed to diligently seek new counsel, and that terminating sanctions were warranted. We find no abuse of discretion in light of Souch's gamesmanship and stalling tactics.[5] (*Do It Urself*, *supra*, 7 Cal.App.4th at p. 37 [trial court considers whether "imposition of a lesser sanction would have permitted plaintiffs to benefit from their stalling tactics"].) That Souch was in pro per makes no difference. (See *Harding v.*

---

[5] For example, even though her correspondence with Shapero ended in October 2022, Souch testified at her June 2023 deposition that she e-mailed Shapero "a couple months ago" and that a fee agreement was "in negotiation."

*Collazo* (1986) 177 Cal.App.3d 1044, 1056 [pro per litigants are held to the same standards as licensed attorneys].)

Finally, Souch contends that the trial court failed to consider less drastic measures before imposing terminating sanctions. Although "[t]he discovery statutes evince an incremental approach to discovery sanctions, starting with monetary sanctions" (*Doppes, supra*, 174 Cal.App.4th at p. 992), the question on appeal "is not whether the trial court should have imposed a lesser sanction" but whether it "abused its discretion by imposing the sanction it chose" (*Do It Urself, supra*, 7 Cal.App.4th at p. 37). As discussed above, the court acted within its discretion in issuing terminating sanctions after finding that Souch delayed her deposition by falsely stating that Shapero was her attorney and by willfully failing to appear despite the court's order to compel. She continued to make false representations at the hearing on the terminating sanctions, presumably to further delay her deposition or to avoid sanctions. Under these facts, the court did not abuse its discretion when it necessarily concluded that less severe sanctions would not produce compliance and that terminating sections were "tailor[ed] . . . to the particular abuse." (*Ibid.*)

### III.  DISPOSITION

The judgment is affirmed.

CHOU, J.


We concur.

JACKSON, P. J.
SIMONS, J.